Toomey v. Atyoe.

TOOMEY v. ATYOE.

(*Knoxville.* October 1, 1895.)

1. CHANCERY PRACTICE. *Chancellor's decree has weight of verdict, when.*

The Chancellor's decree has the weight and effect of a jury's verdict, when, after a jury has been demanded and granted to try a chancery cause, the parties consent that the Chancellor shall hear and determine the cause, sitting as a jury. (*Post, pp. 377–379.*)

Code construed: §§ 3872, 3873, 5215, 5219 (M. & V.); §§ 3155, 3156, 4465, 4469 (T. & S.).

Cases cited: Gass v. Mason, 4 Sneed, 509; Bank v. Oldham, 6 Lea, 728; Ragsdale v. Gossett, 2 Lea, 739; Cowan v. Singer Mfg. Co., 92 Tenn., 379; Sahlien v. Bank, 90 Tenn., 228; Eller v. Richardson, 89 Tenn., 580.

2. SAME. *Submission of formal issues not required, when.*

Submission of formal issues of fact, separate from the pleadings, is not indispensable in the trial of a chancery cause in which trial by jury has been granted, where the issues are clearly defined in the pleadings, and the Chancellor, by consent of parties, determines the cause, sitting as a jury. (*Post, p. 379.*)

Code construed: § 5218 (M. & V.); § 4468 (T. & S.).

Cases cited: Cooper v. Stockard, 16 Lea, 144; Bank v. Oldham, 6 Lea, 729; Gass v. Mason, 4 Sneed, 509.

3. SAME. *Proper decree.*

This Court will render final decree, without remanding, upon reversal of a cause tried by the Chancellor sitting as a jury. (*Post, pp. 381, 382.*)

Cases cited: Glasgow v. Turner, 91 Tenn., 167; Smith v. Hubbard, 85 Tenn., 306; Singleton v. Wilson, 85 Tenn., 347; Settle v. Marlow, 12 Lea, 474; Cowan v. Singer Mfg. Co., 92 Tenn., 384.

4. QUESTION OF LAW. *Construction of written contracts is.*

The construction of written contracts is matter of law, which this Court determines for itself, without embarrassment from

the verdict of a jury or from the decision of the Court of Chancery Appeals.  (*Post, p. 381.*)

5. CONTRACT.   *Construction.*

Under a contract for the sawing by the second party of such logs, up to a specified amount, as shall be furnished by the first party, at a specified price per thousand feet, until the first party has received payment in full of a note of the second party, and at another price for the remainder up to the limit, the first party is bound to furnish only such a quantity of logs as will enable the second party, by sawing them, to pay the note. (*Post, pp. 379–381.*)

FROM MORGAN.

Appeal from the Chancery Court of Morgan County.   H. B. LINDSAY, Ch.

E. E. YOUNG and H. P. STEPHENS, WRIGHT & WRIGHT for Toomey.

A. R. McKINZIE and S. H. STAPLES for Atyoe Bros. & Co.

CALDWELL, J.   On the eleventh day of March, 1892, John Toomey sold a sawmill and some other personal property to Atyoe Bros. & Co., at the price of $1,500.   The purchasers paid $500 in cash, and gave their note to the seller for $1,000 due six months after date.   The parties, on the same day, executed a written paper, wherein the fact and terms of the sale, together with some other matters, were

recited in detail.    The only part of that paper nec-
essary to be reproduced in this opinion is as fol-
lows:    "The parties of the second part hereby agree
by and with the party of the first part to saw such
logs into lumber as is, by the party of the first
part, furnished on the sawmill grounds, to the
amount of 1,000,000 feet, at the following prices:
$3.50 per 1,000 feet until $1,000 is paid in full
(but it is hereby distinctly understood that the party
of the first part shall pay over to the parties of
the second part seventy-five cents on every 1,000
feet sawed by the parties of the second part, for
expenses, until the party of the first part has re-
ceived payment in full on said note heretofore re-
ferred to), and, for the remainder, up to 1,000,000
feet, the parties of the second part hereby agree to
saw for $3.25 per 1,000 feet."    Pursuant to that
contract, something like 200,000 feet of logs were
delivered by Toomey and sawed into lumber by
Atyoe Bros. & Co., and the latter thereby become
entitled to a credit of near $500 on their note.
No other logs were delivered, and no other payments
were made, and, on October 14, 1892, Toomey filed
the original bill in this cause to collect the balance
of the note.

Atyoe Bros. & Co. answered the bill, saying that
it was never contemplated that they should pay the
note otherwise than by sawing the logs of complain-
ant into lumber at the price stipulated in their writ-
ten agreement; that complainant had not delivered

the logs as he had bound himself to do, and that, by his breach of contract, they were prevented from complying with their part of the contract, and were damaged more than the balance of their note. Later on in the progress of the cause, Atyoe Bros. & Co. filed a cross bill, in which they alleged substantially the same facts previously averred in their answer, and sought to recover from Toomey $1,000 as damages for his breach of contract. They prayed that the damages allowed them, so far as necessary for that purpose, should be set off against the amount remaining due on their note, and that they should have a decree for the balance.

Toomey answered the cross bill, admitting that he had delivered less than 200,000 feet of logs, giving what he deemed a sufficient excuse, under the contract, for his failure to deliver more, and denying that Atyoe Bros. & Co. had suffered any damage, or were entitled to any recovery against him, by reason of that failure. Upon these pleadings and proof the cause was finally heard and determined.

The final decree is as follows: "In this cause a jury having been demanded and granted by the Court to hear and determine the issues joined in the pleadings, thereupon the parties, in open Court, waived the actual presence of the jury, and agreed that the case might be heard before the Chancellor, sitting by consent as a jury, and [that] his decision and answer to the issues in the pleadings have all the weight and effect of the verdict of a jury; and, thereupon,

the cause came on to be heard, as above stated, on the pleadings, exhibits, and proof on file, and oral proof introduced on the hearing, and the same having been heard, and argument by the counsel on both sides, the Court, answering as a jury all the issues and pleadings, after adjusting and settling all the equities set up by all parties in all the pleadings, is pleased to find that John Toomey, Jr., is entitled to have and recover of defendants $250 and $21.50 interest, making a total of $271.50.  .  .  .  It is, therefore, ordered, adjudged, and decreed by the Court, upon the findings of the facts as above stated, and upon the whole record, that complainant, John Toomey, have and recover of the defendants, Atyoe Bros. & Co., said sum of $271.50.''

On appeal of Atyoe Bros. & Co., the Court of Chancery Appeals reversed the decree of the Chancellor, and granted the full relief sought in the cross bill, by giving Atyoe Bros. & Co. a recovery for $1,000 as damages, and then applying $533.20 thereof as a set-off to balance due on their note to Toomey, and rendering decree against him for the remaining $466.80.

Toomey has appealed to this Court and made an assignment of errors involving the questions hereinafter considered.

1. Contrary to the opinion of the Court of Chancery Appeals, the decree of the Chancellor upon the issues of fact submitted to him is entitled to the same force and effect, upon appeal, as the verdict

of a jury, it distinctly appearing that a jury was regularly demanded and granted, and that the Chancellor, thereafter, by agreement of parties, heard and determined those issues as a jury. This results, as a matter of law and practice, from the facts so appearing, and not from the agreement that such should be the effect.

It is true that § 3872 of the Code (M. & V.) declares that, "either party dissatisfied with the judgment or decree of the Circuit or Chancery Court, in a matter of equity tried according to the forms of the Chancery Court, may appeal to the Supreme Court and have a re-examination in that Court of the whole matter of law and fact appearing in the record." But that requirement of trial *de novo* in this Court does not apply in all chancery causes. The next section provides that " issues of fact in chancery, made up on demand of either party, and tried by jury according to the forms of a Court of Law, are not embraced in the foregoing section, and errors in the proceedings therein had can only be corrected as errors are corrected in actions at law." Code (M. & V.), § 3873. See, also, § 5215.

The finding of the jury in such cases have "the same force and effect" as the verdict of a jury in ordinary trials at law. Code (M. & V.), § 5219; *Gass* v. *Mason*, 4 Sneed, 509; *Bank* v. *Oldham*, 6 Lea, 728; *Ragsdale* v. *Gossett*, 2 Lea, 739, and cases there cited.

"It is a familiar rule that the findings of fact

by a Circuit Judge will have the same weight in this Court as the verdict of a jury." *Cowan* v. *Singer Manufacturing Co.*, 92 Tenn., 379; *Sahlien* v. *Bank*, 90 Tenn., 228; *Eller* v. *Richardson*, 89 Tenn., 580, and citations there made. The reason for this rule is that the parties, being entitled to a jury, have waived it and permitted the Court to try the issues of fact in the room and stead of a jury. The same reason exists in the case before us, and the same rule is applicable. The parties had become entitled to a trial by jury, but waived the actual presence of the jury, and submitted the issues of fact to the Chancellor as a jury.

2. It matters not that formal issues of fact, separate from the pleadings, were not written out and submitted to the Chancellor. The rule requires that such issues shall be made up and submitted when a jury actually tries the case. Code (M. & V.), § 5218; *Cooper* v. *Stockard*, 16 Lea, 144; *Bank* v. *Oldham*, 6 Lea, 729; *Gass* v. *Mason*, 4 Sneed, 509. But that formality was not indispensable in a case like this, where the issues of fact, being well defined in the pleadings, were submitted to the Chancellor instead of a jury. The issues of fact were made plain to him by the pleadings—more was not necessary.

3. The written agreement, whose breach is made the ground of action in the cross bill, and the ground of defense in the answer to the original bill, does not obligate Toomey to deliver 1,000,000 feet of logs. It only binds him to deliver such a quan-

tity of logs, that Atyoe Bros. & Co., in the saw-
ing of them, may earn enough money, at the stip-
ulated price per 1,000 feet, to pay and satisfy the
$1,000 note. Atyoe Bros. & Co. obligated them-
selves, in that agreement, "to saw such logs into
lumber" as. Toomey might furnish, "to the amount
of 1,000,000 feet," if he should deliver so much;
but he did not contract that he would, in fact, fur-
nish enough logs to make that amount of lumber.
He was allowed, but not required, to do so. The
controlling part of the agreement is quoted on the
first page of this opinion, and we repeat that it does
not bind Toomey to furnish more logs than would
enable Atyoe Bros. & Co. to earn $1,000 in con-
verting them into lumber at the agreed price per
1,000 feet. How the Chancellor construed the agree-
ment, this record does not disclose; nor does the
record show, in so many words, that he found
Toomey to have breached the agreement in any way;
but the conclusion is irresistible that he did find a
breach and damage thereby to Atyoe Bros. & Co. to
the extent of the difference between what they still
owed Toomey on the note and the amount of the
decree pronounced in his favor—the balance due on
the note being over $500, and the amount of the
decree being only $250, with interest. There is no
other ground than that of a breach by Toomey, and
consequent damage to Atyoe Bros. & Co., upon which
Toomey could reasonably have been denied a recov-
ery for the full amount of balance due on the note.

The Court of Chancery Appeals thought Toomey was bound to furnish the full 1,000,000 feet of timber, and that, by his failure in that obligation to the extent of about 800,000 feet, he had damaged Atyoe Bros. & Co. $1,000, that being $466.80 more than the balance due on the note.

4. What the written agreement of the parties means upon its face, what the extent of the obligations assumed and imposed thereby, are questions of law to be decided by the Court as contradistinguished from a jury, and for ultimate decision of this Court.

5. There is no evidence upon which the Chancellor could properly have found that Atyoe Bros. & Co. were damaged, by Toomey's breach, less than the full amount of balance due on the note; hence, that finding is not conclusive, on appeal, though entitled to the same weight as the verdict of a jury. The decree in favor of Toomey for $250 and interest is without any support in the proof, and was, for that reason, properly reversed by the Court of Chancery Appeals.

6. The cause having been heard by the Chancellor without a jury, in the manner previously stated herein, it was in accord with sound practice for the Court of Chancery Appeals, upon reversal of his decree, to render the decree which he should have rendered, instead of remanding the cause for a new trial. Such is the practice established by this Court in cases tried by Circuit Judges without the interven-

tion of a jury (*Glasgow* v. *Turner*, 91 Tenn., 167; *Smith* v. *Hubbard*, 85 Tenn., 306; *Singleton* v. *Wilson*, *Ib.*, 347; *Settle* v. *Marlow*, 12 Lea, 474; *Cowan* v. *Singer Mfg. Co.*, 92 Tenn., 384); and for a like reason the same practice should be observed in such a case as this.

7. Since, by the true construction of the contract between them, Toomey was bound to furnish Atyoe Bros. & Co. only a sufficient quantity of timber to enable them, by sawing it, to satisfy their note to him, his breach of that obligation, after having par- tially complied by furnishing some 200,000 feet of timber, could not have damaged them more than the unpaid balance of that note. It results, therefore, that the decree of the Court of Chancery Appeals is erroneous so far as in excess of that balance.

Reverse, and enter decree in accordance with this opinion, adjudging the balance of said note satisfied by an equal amount of damages recovered under the cross bill. Toomey will pay one half and Atyoe Bros. & Co. will pay the other half of all costs accruing in this cause.