Smith v. Grizzard.

DAVID D. SMITH *v.* T. M. GRIZZARD *et al.*

(*Nashville.* December Term, 1923.)

1. **APPEAL AND ERROR.** Chancellor's findings of fact practically conclusive.

On questions of fact, the supreme court is practically concluded by the findings of the chancellor; there being material evidence to support his findings. (*Post, pp.* 210-212.)

Case cited and distinguished: Rich v. Scales, 116 Tenn., 65.

2. **VENDOR AND PURCHASER.** In sale of land in gross, no recovery for deficiency unless fraud proved or presumed.

Where sale of land was in gross, and purchaser not only had every opportunity to ascertain and satisfy himself definitely as to extent and location and quantity and boundaries, but actually did so, going personally upon the property and viewing it from every angle, he has no right to recover for a deficiency, unless actual fraud is proved, or the circumstances and the deficiency are such as to raise a presumption of fraud; being so great as to shock the conscience of the court. (*Post, pp.* 212, 213.)

Case cited and approved: Young v. Weakley, 144 Tenn., 360.

3. **VENDOR AND PURCHASER.** No recovery for deficiency in acreage of approximately fifteen per cent. where sale was in gross.

Where sale of land was in gross, and purchaser was on the land twice before contracting for it, and had the lines and boundaries pointed out to him, and no fraud was proved, recovery cannot be granted for a deficiency of practically fifteen per cent. in the designated acreage. (*Post, p.* 213.)

Cases cited and approved: Adams v. Brown, 63 Tenn., 124; Rich v. Scales, 116 Tenn., 57; Waters v. Hutton, 85 Tenn., 109; Young v. Weakley, 144 Tenn., 360.

Smith v. Grizzard.

FROM FRANKLIN.

Appeal from the Chancery Court of Franklin County.—
Hon. T. L. STEWART, Chancellor.

ROBERTS & COOPER, for appellants.

ESTILL & CROWNOVER and J. ROY HICKERSON, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this case was filed to recover for an acreage deficiency in a land sale. Grizzard conveyed to Smith a farm in Franklin county, having improvements thereon, for a total consideration of $28,000, which consideration covered certain growing crops and personal property of a value, as determined by the master and chancellor, somewhat in excess of $3,000. The contract of sale was in writing and called for "about two hundred acres more or less," and the evidence sustained the insistence of the defendant that the word "about" was inserted at the time of the making of the contract for the purpose, at that time expressed, of making it clear that the sale was in gross and that the acreage figures recited were not intended to be definite or controlling. The complainant purchaser had been engaged for some years in the real estate business, buying and selling farm lands, and it appears, and the chancellor so finds that—"He was upon the land, which was all under inclosure, bounded practically on three

sides by roadways and lanes, at least twice before he contracted to purchase it, had the lines and boundaries pointed out to him by defendant and his agent, Shelly, so that there could be little doubt that he got the land that was pointed out to him, substantially."

It also appears that from a vantage point he viewed the entire farm proposed to be sold to him as a whole and that in, the language of Mr. Justice LURTON (*Waters* v. *Hutton,* 85 Tenn., 116, 1 S. W., 789):

"The case is one of a purchase of a tract of land in the gross, after a personal examination by the vendee, who has gotten all that he wished or intended to buy, or that the vendor intended to sell."

Applicable to such a situation, Mr. Justice LURTON proceeds to quote with approval the following: "In such a case a purchaser should never present himself in a court of equity for relief." "No one who has the precise thing expected and intended to be purchased, can have, in a court of equity, an abatement in the price."

The case was heard before the chancellor, sitting as a jury, and he found that, as the result of surveys made some eight months after the sale, "there are one hundred and seventy acres in the tract, a fraction more, to be exact." He further found that complainant failed to establish a sale by the acre, "but that said sale was a sale in gross or bulk—a gross sum of $28,000 for the land, certain crops and certain stock, machinery and farm tools." It appears that an abstract of title, and also a plat was furnished the purchaser at or about the time of the sale from which it would have been possible for the purchaser to arrive at the exact acreage, if he had at that time regarded this

149 Tenn.—14.

as an essential element of the sale. The opinion of the chancellor further recites that, "the court is clearly of the opinion, and so finds from the proof, that the defendant did not fraudulently misrepresent the number of acres in said tract, neither did his agent, and that there was no actual fraud, but that this case presents a case of mutual mistake as to the number of acres in said tract," and, referring to the opinion of this court in *Bigham* v. *Madison*, 103 Tenn., 358, 52 S. W., 1074, 47 L. R. A., 267, he holds that the deficiency of approximately thirty acres, or fifteen per cent., is sufficient to support the application of the complainant for an abatement of the price. He thereupon granted a decree in favor of complainant for the value of thirty acres, arriving at a price per acre by deducting the estimated value of the improvements, plus the estimated value of the personal property, these two items aggregating approximately $8,000, and dividing the sum remaining by the number of acres; the decree being for the sum of $3,067.80 with interest to the date of the decree of $739.27.

Upon questions of fact this court is practically concluded by the finding of the chancellor, there being material evidence to support his findings of fact, but it is insisted that his conclusions of law are erroneous.

As above indicated, the chancellor has apparently purposed to follow the holding in *Bigham* v. *Madison*, supra, in which this court is correctly quoted by him as saying that, "the purchaser does not . . . take all the risk of quantity in the tract"; and "the use of the words, 'more or less', or 'about,' or words of similar import, in designating quantity, although they show a sale in gross and

not by the acre, cover only a reasonable excess or deficiency,"etc. In the case quoted from, the title to about one-half of a small tract of land failed, this being the most valuable half, and an extreme case on the facts was therefore presented. In that case the purchaser did not get, as in the case of *Waters* v. *Hutton,* supra, and in the case at bar, the identical land that he "intended to buy," or that the vendor intended to sell and, while the expressions quoted from the opinion in *Bigham* v. *Madison* are conceded to be sound statements of general rules, they must be taken and considered with reference to the peculiar facts under consideration. In *Rich* v. *Scales,* 116 Tenn., 65, 91 S. W., 51, Mr. Justice NEIL says:

"Where the sale is in gross, the rule is that no compensation will be granted for either an excess or a deficiency; but this is subject to the following exceptions: If the deed recite the number of acres, and it subsequently turn out upon survey, or be otherwise accurately ascertained, that there is an excess or deficiency, over or under the acreage stated, so great as to justify an inference of fraud, or of a mistake equivalent in its effect to fraud, relief will be granted. If, however, the vendee has inspected the land, and has obtained the very tract he intended to buy and all the vendor intended to sell, he can have no relief, although the deed purport to state the number of acres, unless the difference between the number stated and the actual number of acres contained be so great to shock the conscience of the court. Relief will then be granted on the ground of fraud."

And again, he says: "It is insisted that the case of *Bigham* v. *Madison,* supra, fully sustains complainant's

contention. This is an erroneous view. In that case the deed purported to pass title to twenty-five acres of land which it described. The location of the supposed lines was pointed out; but both the vendor and the vendee were mistaken as to the true location. It subsequently developed that one-half of the land covered by the calls was held by a superior title. It did not appear that there was any adverse possession of any part of the land at the time the conveyance was executed, either known to the vendee or existing in fact. It turned out that the vendee did not obtain the land he intended to buy and which the vendor intended to sell. Upon this state of facts the vendee was rightly granted a rescission. That was a very different case from the one now before the court."

All the cases in this State, and very many in other jurisdictions, have recently been fully reviewed by this court in the opinion of Special Justice MALONE in *Young* v. *Weakley,* 144 Tenn., 360, 232 S. W., 494. As applicable to the facts as found by the chancellor in this case, we are of opinion that the rule is that, where it clearly appears that the sale was made in gross, and not by the acre, and the purchaser not only had every opportunity afforded him to ascertain and satisfy himself definitely as to the extent and location and quantity and boundaries of the lands purchased, but actually did so, going personally upon the property and viewing it from every angle, he has no right to recover for a deficiency, unless actual fraud is proven, or the circumstances and the deficiency are such as to raise a presumption of fraud. The expression frequently used in this connection, "so great as to shock the conscience of the court," occurs always in direct associa-

tion with the suggestion of a presumption of fraud. In other words, relief will be granted where a deficiency is so great as to shock the conscience of the court because a presumption of fraud must thereupon arise.

In the present case the court, having reviewed all the facts finds "clearly" that there was no fraud, and any possible presumption of fraud is thereby affirmatively rebutted. Therefore the question presented is whether or not, without fraud, proven or presumptive, abatement should be granted to the purchaser on the acreage basis, the deficiency being hardly fifteen per cent., when it is clear that the sale was in gross, expressly not by the acre and made under all the conditions hereinbefore detailed. We are of opinion that complainant is not entitled to recover on this state of facts found by the chancellor. In this case there was no mistake as to the boundaries, and there was no failure of title to any portion of the lands pointed out, in which classes of cases the doctrine of innocent and mutual mistake has been applied, and not to cases where the mistake was merely an erroneous estimate by one or both parties of the extent in acreage of an area so located and of such limited size as to be plainly viewed, and which had been carefully examined. To such cases the language quoted from Mr. Justice Lurton applies.

We think the conclusion we have reached is amply supported by the holdings in *Adams* v. *Brown, 4 Baxt.,* 124; *Rich* v. *Scales,* 116 Tenn., 57, 91 S. W., 50; *Waters* v. *Hutton,* 85 Tenn., 109, 1 S. W., 787; *Young* v. *Weakley,* 144 Tenn., 360, 232 S. W., 949 and the authorities reviewed therein.

It follows that the decree of the chancellor will be reversed, and the bill dismissed.