R. B. CROWDER, et al. v. A. D. STAFFORD, et al.

Middle Section.  January 29, 1926.

No petition for Certiorari was filed.

1. **Appeal and error. Written finding of facts filed by chancellor becomes a part of the record on appeal.**
Under Act 1925, chapter 100, section 12, a written "memo" filed by the chancellor becomes a part of the record on appeal and need not be preserved by bill of exceptions or order on minutes.

2. **Evidence. Lost instrument. Before evidence is admitted to prove contents of lost record it must be established to the satisfaction of the court that the record is lost.**
Where evidence leaves a possibility that justice of the peace docket was not destroyed by fire, held oral testimony not admissible to prove a judgment.

Appeal from Chancery Court of Clay County; Hon. W. R. Officer, Chancellor.

Affirmed.

D. B. Johnson, of Gainesboro, for appellants.

McMillin and Haile, of Celina, for appellees.

FAW, P. J.  The bill in this case was filed in the chancery court of Clay county, on July 3, 1924, by R. B. Crowder, J. E. Sadler and D. B. Johnson, residents of Jackson county, Tennessee, against A. D. Stafford, Emma Stafford and Della Stafford, residents of Clay county, Tennessee, and Vada Reeves, a citizen of the State of Illinois, as defendants.

Defendant Emma Stafford is the wife of defendant A. D. Stafford, and defendants Della Stafford (now Mrs. Della Clark) and Mrs. Vada Reeves are his daughters.

Complainants Crowder and Sadler allege in the bill that they are judgment creditors of defendant A. D. Stafford in the sum of $225, with interest thereon since April 21, 1921, which judgment was rendered by the chancery court at Gainesboro, Tennessee, in the case of J. B. Hix v. Draper & McCawley Co. et al.

T. A. Vol. I—34.

Complainant D. B. Johnson alleges that he is a judgment creditor of defendant A. D. Stafford, but the amount of his judgment is not stated in the bill. With respect to the alleged judgment of D. B. Johnson against A. D. Stafford, the averments of the bill are "that D. B. Johnson was employed, together with J. J. Gore, to represent the defendant A. D. Stafford in the criminal court at Gainesboro, for an assault on one————Carter, and that they charged the said A. D. Stafford fifty dollars each, for so representing him, and that the said Stafford paid them ten dollars in cash and executed to them a promissory note for forty dollars each, and that complainant kept said note for a good while and finally sued on the same, before John Monroe a J. P. for Clay county, Tennessee, and that said John Monroe rendered a judgment on the J. P. docket in favor of the plaintiff, D. B. Johnson, and against A. D. Stafford, on the note on the 11th day of July, 1914, for the note and interest.

Complainant charges, that he is informed that said J. P. docket got destroyed with fire, and cannot now be found as he is informed and believes.

Complainant D. B. Johnson states that said judgment with interest has never been paid, and it is just and due by the said A. D. Stafford.''

The bill contains further averments as follows:

"Complainants, D. B. Johnson, R. B. Crowder, and J. E. Sadler charge, that on May 2nd, 1922, A. D. Stafford, or his co-defendants, recorded on land deed book "S" page 566, a deed which purports to convey a tract of land that he swears is worth $2500, for the consideration of $500 and for love and affection. Complainants charge, that this deed is fraudulent; that while it purports to be dated on September 1, 1921, and purports to be acknowledged then, it was not recorded until a short time after he made said indebtedness in regard to said mill and after the bill or cross-bill was filed against him seeking to hold him liable, then this deed, was offered to try to prevent his creditors, from reaching said land.''

The aforesaid tract of land (containing, by estimation, 100 acres more or less) is described in the bill, and it is then alleged that said purported conveyance by defendant A. D. Stafford to his wife and two daughters was fraudulent, and made for the purpose of defeating his just debts.

Complainants prayed that they have a decree for the amount of their respective judgments; that said deed made by defendant A. D. Stafford to his co-defendants be set aside; that said land be sold and the proceeds applied to the payment of the respective recoveries of the complainants and the costs of the cause.

The defendants demurred to the bill, but the demurrer was overruled, and no question with respect to the ruling of the chancellor on the demurrer is made in this court.

After the demurrer was overruled, the defendants filed an answer in which they made specific denial of each and every averment of the bill upon which relief in favor of either of the complainants could be predicated.

Proof was taken on behalf of the parties, respectively, and thereafter a decree was made and entered by which the bill of complainant D. B. Johnson was dismissed, and it was adjudged that he pay one-third of the accrued costs, for which execution was awarded.

The complainants Crowder and Sadler were granted a recovery against A. D. Stafford for the amount of the judgment on which they brought their suit, and for two-thirds of the costs of the cause. The aforesaid deed was adjudged to be fraudulent and void as against the judgment of complainants Crowder and Sadler, and it was decreed that the land described in the bill (after setting aside homestead to the defendants A. D. Stafford and his wife) be sold for the satisfaction of the recovery of Crowder and Sadler and the payment of the costs, except the cost adjudged against complainant Johnson.

Defendant A. D. Stafford appealed from said decree, but did not perfect his appeal.

Complainant D. B. Johnson obtained and perfected an appeal, and has assigned errors, in this court, as follows:

"(1) The chancellor erred in not sustaining the bill' and giving judgment for D. B. Johnson for $69.50 against A. D. Stafford and decreeing it a lien upon the land attached in the cause, it being the amount of his note and judgment with accrued interest.

"(2) The chancellor erred in holding that the secondary evidence was not admissible to show the destruction of the justice of the peace judgment in favor of D. B. Johnson and against A. D. Stafford rendered by J. M. Monroe, justice of the peace.

"(3) The chancellor erred in not holding that D. B. Johnson had shown by sufficient evidence the destruction of the J. M. Monroe, J. P., judgment in favor of D. B. Johnson v. A. D. Stafford for the note of $40, which was rendered on the 11th day of July, 1914; that said destruction was caused by fire, which secondary evidence should have been admitted to show the amount of said judgment for which he should have recovered.

"(4) The chancellor erred in holding that A. D. Stafford had a homestead in the tract of land after making a fraudulent conveyance for the purpose of defeating creditors.

"(5) The chancellor erred in adjudging D. B. Johnson with one-third of the costs."

It is obvious that if complainant Johnson is not entitled to a recovery against defendant A. D. Stafford, he is not in a position to question the ruling of the chancellor with respect to the homestead

right of defendant A. D. Stafford and wife, and, for that reason, appellants' fourth assignment of error will be overruled if it should be determined that appellant's first assignment of error must be overruled.

The learned chancellor who tried this case, filed a "memo" containing his findings of fact and law and his rulings upon exceptions to certain evidence. This is a separate document from the decree of the court entered on the minutes, and no mention is made in the decree, of the aforesaid findings, or "memo," thus filed by the chancellor, and it is, therefore, insisted by appellant that the chancellor's "memo" is not a part of the record on appeal, and cannot be considered here. Such was the rule prior to the Act of 1925, chapter 100, but by section 12 of that Act (which was in force when this case was decided on April 29, 1925) it was provided that "in all cases tried on the facts in a chancery court and afterwards brought for review to the Court of Appeals, both the chancellor and the Court of Appeals shall, to the extent that the facts are not stipulated or are not concluded by the findings of a jury, make and file written findings of fact, which shall thereupon become a part of the record."

It was, we think, the manifest purpose of the above-quoted statute to make the findings of the chancellor, when signed by him and filed, a part of the record, without the necessity of preserving same by bill of exceptions or order on the minutes. A similar construction has been placed on Section 4684, Shannon's Code, which provides that "upon a trial of a question of fact by the court, the decision, if requested by either party, shall be given in writing, stating the facts found and the conclusions thereon, which shall constitute a part of the record." See Railroad v. Foster, 112 Tenn., 345, 347, and Insurance Co. v. Witherspoon, 127. Tenn., 363, 369.

We have carefully read and considered the entire record, and we concur in the chancellor's findings of fact and law and his rulings on exceptions to evidence, insofar as they relate to the suit of appellant D. B. Johnson, and we adopt same as the findings and opinion of this court, as follows:

"The first question disposed of will be the contention of complainant D. B. Johnson, who seeks judgment for indebtedness due by unsatisfied judgment before a J. P. This complainant seeks to establish a J. P. judgment claimed to have been entered on the docket of John Monroe a J. P. for Clay county, July 11, 1914, for an amount not set forth in any pleading or record in the case. The proof as to this judgment is all excepted to because the judgment is not produced or a copy of same from the J. P. docket. Complainant's contention is that the docket upon which this judgment was entered was burned in a fire that destroyed the house of the J. P.,

having this docket in his possession. The proof does not clearly and satisfactorily show by competent and creditable proof the destruction of the docket, all of the proof being hearsay or opinion evidence and excepted to upon that ground. It is very well established that there was a judgment before John Monroe, for some amount; he files what I suppose to be a copy of the judgment or intended to be that from an account book kept by him, but the copy does not show the amount of the judgment. He undertakes to say that he entered up judgment for the note and interest, but whether he means that he entered judgment in that form for "note and accrued interest" or whether he entered it for a specific amount in dollars and cents, being the amount of the note and interest, he does not say, and if the paper filed as copy is looked to, it would seem no specific dollars and cents judgment was entered. This point the complainant could have made clear in the proof it seems but has not done so. The witnesses who undertake to show destruction of the docket speak from hearsay, understanding or opinion. It is not positively shown that A. Crabtree or A. W. Crabtree whose house was burned had this docket or that it was burned in his fire. He may have turned it over to one Raines, to whom he turned over what records and papers not destroyed in the fire. Raines is not produced as a witness, and no reason is offered as to why he was not offered as to this judgment. Mr. Johnson says in hunting for his judgment he went to a J. P. named Raines and some other J. P. in the West End Section of Clay county and failed to find his judgment, but he does not say that he examined the docket of this particular J. P. Raines for his judgment and it was not on the docket. Stafford swears he was never summoned in any such suit; however, Esquire Smith testifies that he saw the warrant with the return of the officer on it showing it was executed. It is uncontroverted that if there was such a judgment, no steps were taken to collect by complainant until a few days of ten years from its rendition.

"Complainant in his pleadings seeks a decree upon his judgment in this case, and in his statement of facts in the bill, avers that the judgment had been destroyed by fire, but he does not pray for his judgment to be supplied or rather the record of it to be supplied. If the pleadings are sufficient to warrant the court in this cause decreeing the loss of the J. P. records and supplying the same, which is very doubtful, I think the proof is not sufficient, when the competent proof is considered and the incompetent rejected, which must be done under the exceptions of defendant to clearly and satisfactorily show the loss of the record, and that it was a valid judgment. The denial upon his oath that he was served with process; by the defendant; the failure to bring the record, or show positively by competent proof its loss, the long lapse of time, with no

attempt to enforce the judgment by complainant, the statement of John Monroe indicating indefiniteness in the judgment, or whether it was for a specific sum in dollars and cents, and all the proof, upon the whole, leaves the court in doubt and unsatisfied. The complainant's note is more than six years past due and barred by the six years' statute which is plead, and he having failed to establish or prove judgment made the basis of his suit, must fail.

"The proof in this record would perhaps be sufficient to supply the judgment of the justice of the peace if it was admissible over the exceptions of the defendant. Any lost instrument or record may be supplied by the best evidence of which the case is capable, but before evidence is admitted to supply by proving the contents of the lost record, it must be established to the satisfaction of the court that the record is lost.

"In this case, Crabtree who had the record testifies in substance, that his recollection is that the docket turned over to him by John Monroe was burned in the fire that consumed his house, but is not positive, and says that he may have turned the docket containing the judgment in question over to A. W. Raines, justice of the peace.

This leaves the possibility that Raines may have the docket, and I think precludes the admission of evidence to supply. . . .

"W. R. Officer, Chancellor."

Part of the chancellor's findings and opinion relating to the suit of complainants Crowder and Sadler is not before us for review, and we have, therefore, omitted same.

It results that the appellants' assignments of error are overruled and the decree of the chancellor dismissing the suit of complainant D. B. Johnson, and taxing him with one-third of the costs of the chancery court accrued at the time of such dismissal, is affirmed. The costs of the appeal will be adjudged against appellant D. B. Johnson and the surety on his appeal bond.

Crownover and DeWitt, JJ., concur.