MORRELL *et ux. v.* REPUBLIC FIRE INS. CO. OF PITTSBURG.

(*Knoxville*, September Term, 1934.)

Opinion filed November 30, 1934.

J. R. Gardner and Simmonds & Bowman, all of Johnson City, for appellant.

Barnes & Lewis and Chase & Neel, all of Johnson City, for appellees.

Mr. Justice Swiggart delivered the opinion of the Court.

This case is before us by writ of *certiorari* to the Court of Appeals, heretofore granted on the petition and assignments of error of the complainants, Morrell and wife. No petition nor assignments of error were filed by the defendant.

The suit is to recover on a contract of fire insurance. The defendant answered that the property destroyed by fire was not the property described in the contract. The issue of fact thus tendered was heard by the chancellor upon oral testimony, by consent of the parties, but without written agreement. The chancellor found for the complainants, and the defendant appealed to the Court of Appeals.

The Court of Appeals ruled that the bill of exceptions was defective and incomplete and struck it from the record. The hearing being *de novo*, under Code, section 10622, that court ruled that, without a proper bill of exceptions, it could only dismiss the suit, or remand it for a new trial under Code, section 9054. It accordingly

reversed the decree of the chancellor and remanded the case to the chancery court for a new trial.

In this ruling we think the Court of Appeals erred. The case was tried in the chancery court according to the forms of law and not according to the forms of chancery. *Trice* v. *McGill*, 158 Tenn., 394, 13 S. W. (2d), 49. The review in the Court of Appeals was therefore as a law case upon appeal in the nature of a writ of error. *Fonville* v. *Gregory*, 162 Tenn., 294, 301, 36 S. W. (2d), 900; *Broch* v. *Broch*, 164 Tenn., 219, 47 S. W. (2d), 84.

We cannot assent to the contention that a judgment or decree, from which an appeal in the nature of a writ of error is granted, must be reversed if the appellant fails to file a bill of exceptions. No such revolutionary effect can be given to Code, section 10622, originally enacted as Acts 1929, chapter 94, section 1. This statute directs that, if the trial judge heard the case without a jury, the hearing in the Court of Appeals shall be *de novo*, but it also prescribes that in the cases to which it applies there shall be a presumption as to the correctness of the judgment or decree of the lower court, "unless the evidence preponderates against the judgment or decree." It also prescribes that, if the case is tried on oral testimony, the transcript "must contain a motion for new trial and bill of exceptions;" this provision for motion for new trial being limited by construction to cases in which a motion for a new trial is otherwise required.

This statute has given rise to considerable confusion, as indicated in our cases of *Hibbett* v. *Pruitt*, 162 Tenn., 285, 36 S. W. (2d), 897; *Fonville* v. *Gregory*, 162 Tenn., 294, 36 S. W. (2d), 900; *Broch* v. *Broch,* 164 Tenn., 219, 47 S. W. (2d), 84; and *Mutual Life Ins. Co.* v. *Burton,*

167 Tenn., 606, 72 S. W. (2d), 778. Some of this confusion has resulted from the apparent procedural inconsistency in the provision for a hearing *de novo* in cases in which motions for a new trial are required and in which the appellate court is permitted to indulge a presumption in favor of the decree or judgment from which the appeal is taken.

The effect of the statute, in cases in which motions for a new trial are required, can be no more than to require the appellate court to determine issues of fact presented by the motion for a new trial according to the weight of the evidence. The provision for a presumption in favor of the judgment below casts the burden of carrying the preponderance of the evidence upon the appellant or plaintiff in error. If he does not carry this burden, he is not entitled to a reversal. He cannot carry his burden if the record does not include a bill of exceptions containing the evidence upon which the judgment below was rendered. In such a situation the appeal must fail and the judgment must be affirmed.

This result was reached by the Court of Appeals for the Middle Division of the state, without discussion, in *Lyon* v. *Crabtree*, 16 Tenn. App., 42, 64 S. W. (2d), 24.

The decree of the Court of Appeals in the case before us will therefore be reversed, and the decree of the chancellor affirmed, with costs.