WILLIAMS v. CANTRELL et al.—124 S. W. (2d) 29.

Middle Section.    June 2, 1938.

Petition for Certiorari Denied by Supreme Court, January 21, 1939.

T. B. Finley, of Lebanon, and Jesse Cantrell, of Watertown, for petitioner Cantrell.

Robert L. Forrester, of Watertown, for defendant Bank.

CROWNOVER, J. The defendant Cantrell has given notice and applied to us for writs of error and supersedeas. The decree for $1833.26 complained of was entered against Cantrell and in favor of the Alexandria Bank & Trust Company on February 4, 1938, and a motion for a new trial was finally overruled on March 9, 1938, to which the defendant Cantrell excepted and prayed an appeal which was denied him. Thereafter he gave notice and presented to us his petition for writs of error and supersedeas accompanied by the record, assignments of errors and briefs, to which the complainant Bank & Trust Company has filed its reply, brief and certain motions.

The defendant Cantrell is entitled, as a matter of course, to a writ of error within a year upon presenting to the Clerk of this Court the record, assignments of errors and brief supporting the same, and executing a cost bond or taking the oath prescribed for poor persons. Code, sec 9068; Tennessee Procedure by Higgins & Crownover, sec. 1944; Gibson's Suits in Chancery, (4 Ed.), sec. 1274.

But the defendant Cantrell is not entitled to a writ of supersedeas at this time.

If he files with the Clerk the record, assignments of errors, brief, etc., as above indicated, he will be entitled to the writ of error; and the cause will be docketed and set for hearing at the regular May Session, in view of the fact that he applied to us for a writ of error on April 8, 1938.

All of the motions and contentions of the parties will be passed upon at the hearing.

On the Merits.

The original bill in this cause was filed in 1931 to recover money wrongfully collected by Jesse Cantrell, as attorney, in settlement of a damage suit in which Cantrell, who was not then licensed as an at-

446

torney, represented the complainant, a minor (then Gladys Morris). The money was deposited by Cantrell in the Farmers Banking Company of Brush Creek, Tenn., and checked out by him. The original suit was brought by Gladys Morris Williams against Cantrell and the Bank, and decree was rendered in her favor, on September 9, 1931, for $1786.12, and interest, against Jesse Cantrell primarily and the Farmers Banking Company secondarily. Appeal was prayed by Cantrell and was granted but an insufficient appeal bond was alleged to have been filed. No bill of exceptions or record was filed in this court or other steps taken to perfect the appeal.

There is a controversy as to whether Cantrell ever filed an appeal bond. The Clerk and Master filed an affidavit that Cantrell had filed no appeal bond.

The Alexandria Bank & Trust Company paid the judgment and took an assignment of the judgment on October 20, 1931, and the appeal was abandoned. Nothing further was done until the petition and motion for a judgment over against Cantrell was filed in this cause on November 19, 1937.

It is contended by the Alexandria Bank & Trust Company that it purchased the assets and assumed the liabilities of the Farmers Banking Company, which ceased operation in October, 1931; that demand was made upon it to pay the above judgment; that it paid the judgment with interest and costs, amounting to $1833.26, and took an assignment of the judgment from the complainant, on October 20, 1931.

There is no evidence of these facts except the statements made in the assignment of the decree to the Alexandria Bank & Trust Company by Gladys Morris Williams which was filed as an exhibit to the petition and motion for a decree in this case.

On November 19, 1937, the Alexandria Bank & Trust Company filed a petition and motion in the Chancery Court in this case for a judgment over against Cantrell, attaching the said assignment as exhibit to the motion. Notice of the motion was served on Cantrell.

Cantrell answered and denied the assignment and alleged that the payment by the Alexandria Bank & Trust Company was a voluntary payment, and that he had no notice of an assignment. He set up several other defenses which are immaterial.

The cause was heard before the Chancellor at chambers on the record. No objection was made to the introduction of the assignment in evidence. The Chancellor decreed that the Alexandria Bank & Trust Company was entitled to judgment against the defendant, Jesse Cantrell, for the sum of $1833.26 with interest from October 20, 1931, and ordered that execution be awarded.

Cantrell's motions for a new trial and in arrest of judgment were overruled, to which he excepted, and prayed an appeal, which the

Chancellor refused because it came too late. The cause was brought to this court by writ of error.

Cantrell has assigned errors in this court, the material and determinative ones being as follows:

(1) No notice was given him of the assignment.

(2) The payment of the debt by the Alexandria Bank & Trust Company was a voluntary one.

(3) The Statute of Limitations had run against the judgment.

(4) The Chancellor refused to allow him a continuance on the hearing of this motion.

1. There is a preliminary question to be settled, that is, whether this court had jurisdiction of the case. We think it has. Where evidence was introduced and the original cause was decided on oral evidence, the Court of Appeals has jurisdiction of any subsidiary question of law or fact.

''The jurisdiction on appeal depends on the 'method' adopted in the trial court, and, unless that method precludes a determination in that court of the facts, the appeal lies to the Court of Appeals only.'' Cox v. Smith, 154 Tenn., 369, 289 S. W., 524; Garrett v. Garrett, 156 Tenn., 253, 300 S. W. 9.

A motion for a judgment over or for a revivor is but a continuation of the original suit. 34 C. J. 670, sec. 1030.

2. The original case was tried on oral evidence and no bill of exceptions was prepared or filed in the lower court. None of the pleadings in the original case have been copied into the record; hence we will have to take the original decree as it is, and cannot consider any assignments of errors as to the original decree.

On the trial in the appellate court of a chancery case tried on oral evidence there is a presumption of the correctness of the decree unless the evidence preponderates against it. Code, sec. 10622.

A writ of error will not lie to review a decree that is more than two years old. Gibson's Suits in Chancery (4 Ed.), secs. 1273, 1274; Code, sec. 9069.

3. The Alexandria Bank & Trust Company has filed a petition and motion in which it asks for judgment over and execution in its favor against Cantrell under its assignment from the complainant, Gladys Morris Williams. The defendant Cantrell filed his answer as above stated. The assignment of the judgment was made exhibit to the petition and motion and was read without objection, hence, it is evidence in this case without a bill of exceptions. Gibson's Suits in Chancery (4 Ed.), sec. 468, note 33; Powell v. Barnard, 20 Tenn. App., 31, 95 S. W. (2d), 57.

4. No notice of the assignment of the judgment was necessary. 34 C. J., 645, sec. 992; Dinsmore v. Boyd, 74 Tenn., 689, 700, 6 Lea, 689, 700.

5. The Bank evidently did not intend to make a voluntary payment of this debt for the benefit of Cantrell. It took an assignment of the judgment at the time it paid it, and is now undertaking to collect it.

"This theory that the purchaser is a volunteer is, we think, entitled to little weight. The purchaser is advancing his money intending to get something for it, to-wit, a title unencumbered by the lien to be discharged. It is hardly in accord with reality to say that he pays officiously, as an intermeddler." Burgoon v. Lavezzo, 68 App. D. C. 20, 92 F. (2d) 726, 732, 113 A. L. R.ᵃ 944; opinion of this Court in the case of First National Bank of Lawrenceburg v. Cletus Bashor et al., filed at Nashville on July 23, 1938 (unreported).

6. The statute of limitations as to judgments is ten years. Code, sec. 8601. The statute, therefore, had not run against this judgment.

7. The Chancellor was not in error in refusing to continue the hearing on the defendant Cantrell's motion. The defenses that Cantrell made were immaterial. He did not contend that he had paid the judgment, and, as hereinabove shown, it was not barred by lapse of time. All other defenses made by him were immaterial, except that of denying the assignment of the decree. The Bank filed the original assignment, which was read as an exhibit to the petition and motion without objection.

8. The last assignment is that the court erred in not granting Cantrell a continuance. There is nothing in this contention. The decree recites that the Bank filed its petition and motion on November 19, 1937, and gave notice of the hearing to be had on November 25, 1937. It further shows that the hearing was continued twice on the application of Cantrell, the last recital being:

"And on the application of the defendant Jesse Cantrell the same was further continued from the aforesaid date until December 11, 1937, at chambers at Livingston, Tennessee, on which date the cause was heard on the record, and after argument of counsel, taken under advisement until today (February 4, 1938), for the purpose of considering the questions raised and for reading the record, and to allow time for counsel to file briefs, the same being subsequently received by the Chancellor by mail, and having been duly considered," etc.

There is nothing in the decree showing that Cantrell made application for a continuance that he might be given an opportunity to introduce evidence, but on the contrary it was tried on the record at chambers on his application.

9. We cannot consider the affidavits and the statements about the trial copied into the record, as they were not preserved by a bill of exceptions.

10. The designation of a part of the record will not take

the place of a bill of exceptions. In fact, the record is not complete without a bill of exceptions, and the petitioner Cantrell was not really entitled to a writ of error in this case. Kelly v. Cannon (Tenn. App.), 117 S. W. (2d) 760.

11. It really was not necessary for the Bank to have a decree over. It, as assignee of the judgment, might have demanded the issuance of an execution upon producing evidence of the assignment. 8 Ency. Plead. & Pract., 380; 23 C. J., 365, sec. 117; 1 Freeman on Executions (3 Ed.), 29, sec. 9b. Or it might have asked for a writ of scire facias. Carney v. Carney, 138 Tenn., 647, 653, 200 S. W., 517; 23 C. J., 368, sec. 127; 34 C. J., 741, sec. 1148; 1 Freeman on Executions (3 Ed.), sec. 81. Or it might have filed a bill to carry the decree into execution. Gibson's Suits in Chancery (4 Ed.), secs. 723, 724. Or it might have filed a motion for a decree over and for the issuance of execution and have given notice, as it did. This is an effective way, with but little loss of time. 23 C. J., 369, secs. 128, 129; 2 Freeman on Judgments (5 Ed.), sec. 1103.

Notice was served on Cantrell, and he entered his appearance and answered. The Chancellor gave him time, and the hearing was continued from time to time on his application, and was finally heard at chambers upon the record on his application. There is no merit in his assignments of errors and all of them are overruled, and the decree of the Chancellor is affirmed with interest from September 9, 1931, to the present. The costs of the cause including the costs of the writ of error are decreed against Cantrell. A decree will accordingly be entered in this court.

Faw, P. J., and Felts, J., concur.