# LOVE HARDWARE CO v. CONNATSER et ux.

## CONNATSER v. LOVE et al.—180 S. W. (2d), 129.

Eastern Section.  November 4, 1943.

Petition for Certiorari denied by Supreme Court, May 6, 1944.

W. E. Cooper and S. E. Hodges, both of Knoxville, for appellant.

Jennings, O'Neil & Jarvis, of Knoxville, for appellee.

BURNETT, J.  At a former term of this court these causes were heard on the direct appeal of H. V. Love, one of the three parties defendant to the second styled case.  H. V. Love was also a party plaintiff in the first above styled case.  An opinion was handed down on March 11, 1943, on this appeal of H. V. Love.  Certiorari was denied by the Supreme Court at a later date.

On May 10, 1943, A. H. Love and Gertrude Love, Administratrix of Herman Love, presented their petition for writ of error to one of the members of this court. An order was issued requiring O. M. Connatser to show cause why the writ of error should not be issued. Action on this show cause order was held in abeyance pending the action of the Supreme Court on Connatser's petition for certiorari.

This petition for writ of error is now submitted to the entire court for our consideration and action. The granting of the writ is objected to because the petitioners have sold any right that they might have in the subject matter of the litigation to H. V. Love. One of the petitioners, Gertrude Love, Administratrix, moves the court now to be allowed to withdraw and have her name stricken from the petition.

■ A party "is entitled, as a matter of course, to a writ of error within a year upon presenting to the Clerk of this Court the record, assignments of errors and brief supporting the same, and executing a cost bond or taking the oath prescribed for poor persons. Code, sec. 9068; Tennessee Procedure by Higgins & Crownover, sec. 1944; Gibson's Suits in Chancery (4th Ed.), sec. 1274." Williams v. Cantrell, 22 Tenn. App., 443, 445, 124 S. W. (2d), 29, 30.

■ ■ The duties of the clerk in granting a writ of error when applied for within one year from the entry of the adverse judgment or decree below are simply ministerial and not judicial. If there are any questions to be raised as to the sufficiency of the writ these may be raised by a motion to dismiss the writ which motion is to be heard by the appellate court in the division in which the case is filed.

██ ██ In the instant case the petition was filed within one year from the entry of the decree below. It was not granted nor denied by the clerk. It was presented to one of the members of this court and the show cause order heretofore referred to was entered. It is said we should not grant the writ because it is now made to appear that these petitioners sold, transferred and assigned ''any and all interest'' they possessed in the subject matter of this litigation before this petition was applied for. This sale is made to appear by an absolute sale attached to the record therein. This bill of sale or absolute assignment is not part of the original record. Can we now consider it in opposition to the granting of a writ herein? We think it can be considered by us for this purpose. It is undisputed that this sale was made by the petitioners to H. V. Love. The factum of its validity is not disputed.

''While a writ of error is in most respects the continuation of an old case, it also partakes of the nature of a new suit, in that it is a proceeding begun with notice issuing out of the reviewing Court. The party against whom it is sought must not be deprived of the right to show that the petitioner is not entitled to the writ by reason of waiver or estoppel.'' Massachusetts Bonding Co. v. McLemore, 4 Tenn. Civ. App (4 Higgins), 633, 639.

''A litigant may do or suffer many things after a judgment has been rendered in the trial court which will deprive him of the right to prosecute a writ of error or even to appeal, such as being in contempt of court, estoppel, consent judgment, compliance with judgment, acceptance of benefits or enforcement of the judgment, fraud, compromise and settlement, and abandonment of suit.'' Tennessee Procedure by Higgins & Crownover, sec. 1961.

■ The undisputed sale herein of the subject matter of this litigation was made after the judgment below was rendered and before the petition herein was filed.

When a party has denuded himself of all interest in the subject matter of the litigation why should he be entitled to have a court review or consider the matter?

The following sections of the Code control the right of appeal in this case: "Any one or more of the parties to a judgment or decree may pray and obtain an appeal therefrom, the judgment remaining in full force against such of the parties as do not appeal." Williams Tennessee Code, section 9040.

Code sections 9063 through 9069 prescribed the method, manner and time when writs of error may be granted in lieu of the appeal above specified. Our Supreme Court has always construed these Code sections "as confining the right of appeal to persons interested, or persons aggrieved." Harmon v. Harmon, 141 Tenn., 64, 67, 206 S. W., 333, 334.

For the reasons herein expressed the petition for writ of error of A. H. Love is denied.

The motion of Gertrude Love, individually, and as administratrix, to withdraw her name from the petition is granted.

The costs incident to the filing of the petition for writ of error will be taxed against the petitioners A. H. Love and Gertrude Love.