BYRD *v.* WRIGHT.

(*Knoxville*, September Term, 1943.)

Opinion filed February 5, 1944.

John Jennings, Jr., of Knoxville, and Wm. York, of Huntsville, for complainant.

Harold Wimberly and S. F. Fowler, both of Knoxville, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal involves a contest of the election for County Judge in Scott County on August 6, 1942. Under the provisions of section 2116 of the Code, the bill was filed by Roscoe Byrd before the Honorable J. H. Wallace, Chancellor of the Second Chancery Division against the defendant, C. W. Wright, for the purpose of asserting that complainant was lawfully elected to the office of County Judge in the General Election of 1942, and challenging the claim of the defendant that he was elected to said office on the face of the returns. Under the aforesaid provision of the Code the Chancellor sat as a Special Tribunal, decreed that the case would be heard on oral testimony, and after purging the returns of certain illegal votes cast for the defendant, decreed that complainant had been legally and duly elected County Judge of Scott County in the General Election of August 1942. From this decree defendant prayed, was granted, and has perfected his appeal to this court.

It is necessary first to dispose of an elaborate motion made by the complainant to strike the Bill of Exceptions and affirm the decree of the Chancellor.

It is insisted that since the Chancellor sat as a Special Tribunal and there is no statutory provision therefor, that he had no authority to sign the Bill of Exceptions; that because the Chancellor, as such Special Tribunal, made a rule that the cause should be heard on oral testi-

mony, that a motion for new trial is necessary; that no motion for a new trial was made, and that therefore the decree of the Chancellor, which contains the findings of fact, must be affirmed.

In effect, the motion is predicated upon a statement in the opinion of *Barham* v. *Denison,* 159 Tenn., 226, 239, 17 S. W. (2d), 692, 696:

"No means is provided by statute for preserving the record by bill of exceptions in contested election cases which are heard before the chancellor who sits as a special tribunal and not as a court. The jurisdiction of the chancellor was limited to the trial of the particular case, and when the contest was determined and the result was announced, the tribunal constituted by statute to decide the questions involved became *functus officio.* No inherent power lay in the chancellor to exercise any official act after his final determination. He possessed no power beyond the provisions of the statute.

"This presents for the first time, in this state, the question of whether or not the chancellor, sitting as a special tribunal, can verify a bill of exceptions; to preserve the record made before such tribunal, after exercising and exhausting the extraordinary powers conferred upon him by the statute. However, being impressed that local conditions disclosed by the petition and the record invited this contest, we reviewed the facts as if the exceptions were duly preserved and made a part of the record."

We think, however, that the appeal is controlled by section 2129 of the Code:

"Either party may have an appeal to the supreme court, and said appeal shall be governed, *in all respects, as appeals from the chancery court.*" (Emphasis ours.)

This section of the Code was originally passed as Chapter 111 of the Acts of 1855-56.

As suggested by Chief Justice Green in *Brown* v. *Hows,* 163 Tenn., 138, 154, 40 S. W. (2d), 1017, it was passed to meet the decision of *Wade* v. *Murry,* decided in 1854 and reported in 34 Tenn., 50, wherein it was held that the Chancellor, hearing contested elections for judicial offices, sat as a Special Tribunal, not as a Chancellor, and that his decision was not subject to review. We think the language of Code, section 2129, is clear and needs no construction. The appeals in such cases shall be governed "in all respects, as appeals from the chancery court."

We think further, that since the defendant took the precaution of having the Chancellor authenticate the Bill of Exceptions simultaneously with or at the time he entered his final decree that the statement in the opinion of *Barham* v. *Denison, supra,* does not raise the question of the authority of the "Special Tribunal" in the instant case. However, the complainant in his motion to dismiss the bill makes the further point that no motion for a new trial was made in this case, and this, we think, presents a serious question. We recognize that section 2129 of the Code provides that the appeal in the instant case is "in all respects, as appeals from the chancery court," but,

"There is a class of cases heard in the chancery court upon oral testimony illustrated by *Toomey* v. *Atyoe,* 95 Tenn., 373, 32 S. W., 254; *Beatty* v. *Schenck,* 127 Tenn., 63, 152 S. W., 1033; *Choate* v. *Sewell,* 142 Tenn., 487, 221 S. W., 190; and *Trice* v. *McGill,* 158 Tenn., 394, 13 S. W. (2d), 49. The first two of these cases were prior to chapter 119 of the Acts of 1917. The last two were subsequent to that act, but were tried upon oral testimony in the

chancery court without the consent of parties expressed in writing. All these cases were reviewed as law cases upon appeal in the nature of a writ of error. They were tried irregularly, not according to the forms of the chancery court, and were not reviewed *de novo* as upon appeal in equity. It does not appear distinctly from the reported decisions in these cases whether motions for new trial were made therein or not. *A motion for a new trial was necessary in each case.* . . . The effect of the regulation is to secure a bill of exceptions in every chancery case tried on oral testimony, of which a review is sought, *and a motion for new trial in every such case, not tried by consent of parties 'expressed in writing,'* according to the provisions of chapter 119 of the Acts of 1917." *Fonville* v. *Gregory,* 162 Tenn., 294, 301, 302, 36 S. W. (2d), 900, 902. (Emphasis ours.)

This rule was approved in *Broch* v. *Broch,* 164 Tenn., 219, 223, 47 S. W. (2d), 84.

 The present case was tried on oral testimony in the Chancery Court, not "by consent of parties 'expressed in writing,'" and not on application of one of the parties in the discretion of the Chancellor, in acccordance with the amendment contained in Chapter 106, Public Acts of 1935; but it was tried on oral testimony on order of the Chancellor, in accordance with the authority he had as a Special Tribunal under section 2116 of the Code.

This we feel, is one of those cases which is definitely tried irregularly on oral testimony and where a motion for new trial was necessary.

"Compliance with the new form (the method of trial of Chancery cases provided by Chapter 119, Acts of 1917), however, requires that the consent of parties be 'expressed in writing,' and there was no attempt at such

compliance in this case. The case was irregularly tried, and cannot be taken out of the authority of *Beatty* v. *Schenck* [127 Tenn., 63, 152 S. W., 1033], which has been consistently followed." *Trice* v. *McGill,* 158 Tenn., 394, 397, 13 S. W. (2d), 49, 50.

From these authorities it seems clear that prior to the Acts of 1917, all cases heard in Chancery Court on oral testimony were held to be law cases, with limited review as such, after motion for new trial had been made and the Bill of Exceptions authenticated. By the Pub. Acts of 1917, chap. 119, the Legislature provided that when the parties expressly so agreed in writing (and this court has held that such written agreement must be a part of the record), a cause might be heard in Chancery Court on oral testimony and be reviewed on broad appeal as other Chancery causes. The amendment to the Acts of 1917 made by the Legislature in 1935, merely added a class of cases, *where upon the application of one of the parties,* and in the discretion of the Chancellor a cause might be heard on oral testimony, and thereafter be reviewable as in other Chancery causes. The present case falls into neither of these exceptions, and being tried on oral testimony on the order of the Chancellor, without agreement of the parties, and on no application from either of them, it is to be considered a Chancery cause irregularly heard and, therefore, under the authorities above cited, reviewable only after the motion for new trial was made and acted upon and the Bill of Exceptions presented to the Chancellor and authenticated by him.

It results that the motion to dismiss the Bill of Exceptions must be sustained, and it remains to consider the Chancellor's written finding of fact, which constitutes a

part of the record, since it is incorporated in the decree. *Crowder* v. *Stafford*, 1 Tenn. App., 529.

■■ There is a strong presumption in favor of the decree of the Chancellor rendered on oral testimony and the burden is upon the appellant to upset that presumption so that the evidence preponderates against the decree. *Williams* v. *Cantrell*, 22 Tenn. App., 443, 124 S. W. (2d), 29; *Higgins* v. *Lewis*, 23 Tenn. App., 648, 137 S. W. (2d), 308; *Webster* v. *Trice*, 23 Tenn. App., 365, 133 S. W. (2d), 621.

"The provision for a presumption in favor of the judgment below casts the burden of carrying the preponderance of the evidence upon the appellant or plaintiff in error. If he does not carry this burden, he is not entitled to a reversal. He cannot carry his burden if the record does not include a bill of exceptions containing the evidence upon which the judgment below was rendered. In such a situation the appeal must fail and the judgment must be affirmed." *Morrell* v. *Fire Ins. Co.*, 168 Tenn., 137, 140, 76 S. W. (2d), 317, 318.

■■ We think it fair to add that in this case from our review of the record, the Bill of Exceptions would avail the defendant nothing. Under former opinions of this court, when a cause is tried before the Chancellor, without a jury, and on oral testimony, the Chancellor's findings of fact are "almost conclusive" and to uphold his decree, this court will determine only that it is supported by material evidence. *Smith* v. *Grizzard*, 149 Tenn. 207, 210, 259 S. W., 537. Certainly in this case there was much material and substantial evidence to support the Chancellor's findings of fact and his decree thereon.

It results that all assignments of error are overruled and the decree of the Chancellor affirmed.

## ON PETITION TO REHEAR.

On petition to rehear, to justify its filing as well as to escape its dismissal for reargument and reiteration, it is insisted that the Court overlooked *"a material fact,"* (Rule 32, 173 Tenn., 886, 887), in that the Court failed to notice that in the record *application had been made by one of the parties* for the hearing of the case on oral testimony.; that the case was so heard under section 10564 of the Code, and being a Chancery cause, was reviewable on broad appeal under section 9036 of the Code.

In the petition to rehear, the following is quoted from our former opinion (page 633):

*"tried* on oral testimony on the order of the Chancellor, *without agreement of the parties, and on no application from either of them . . ."* (Emphasis ours.)
and then in the petition, to show what took place at the time of the entry of order to try on oral testimony, the following is quoted from the record:

"Mr. S. F. Fowler: Your Honor, before we start, I think it is proper to enter an order of this kind, bearing in mind this is not the Chancery Court, *but your Honor is sitting as a special tribunal."*

The order so entered says:

"It is ordered that this cause shall be heard and tried upon the oral testimony of witnesses introduced in open Court and exhibits thereto and such documentary evidence as may be offered and admitted. The same being required by justice and the advisability of an expeditious trial of the case, and upon such depositions as may be unavoidably necessary.

"Came the defendant C. W. Wright, and requested that the decision of the Court be given in writing, stating the facts found and the conclusions thereon, and it is or-

dered that evidence of such request shall be placed upon the minutes of the Court by the entry thereon of this order. The Chancellor, on September 2, 1942, granted the defendant until September 21, 1942, within which time to file his answer, and set the cause for hearing at Huntsville on Monday, Sept. 28, 1942, and this part of this order is entered now for then.''

█ Clearly the first paragraph of the order is by the Chancellor *sua sponte,* the second is on application of one of the parties.

The cause was not tried on oral testimony under authority of section 10564 of the Code, on agreement of the parties or application of one of them. It was tried on oral testimony because the Chancellor was sitting as a Special Tribunal (Code 2123), and as such under Code, section 2125:

''The testimony in such contest may be taken *orally* or *in depositions,* upon such notice as the chancellor may prescribe . . .'' (Emphasis ours.)

That is what the Court intended to say and said in the foregoing quotation from the former opinion; and that is what counsel clearly recognized by the language he used in presenting the order in the above excerpt from the record.

However, the case was important in that it involved the tenure of a public office, and it had been warmly contested and ably and carefully argued and briefed by both sides. The question of the necessity of a motion for new trial in a case where the Chancellor as a Special Tribunal hears a contest for judicial office had not been determined by any previous reported decision of this Court and we were therefore unwilling to dismiss the appeal solely on this technicality of pleading.

We reviewed the record and determined that the Chancellor had made a finding of facts which, incorporated in his final decree, was clear, comprehensive and complete. It fills twelve pages of the record, and, to illustrate the care with which he supported his decisions, he makes five specific citations to the testimony of as many witnesses to justify his conclusion on a single contested vote. His other findings are similarly supported by specific citations to evidence. We found, therefore, that the decree of the Chancellor was supported by material evidence.

The sole question presented on the appeal was one of fact:—the determination of the actual number of votes received by the contestant and the contestee respectively.

It has been held in many previous decisions of this Court that where a cause is heard by the Chancellor on oral testimony and his findings of fact are supported by material evidence that such findings will not be disturbed on appeal. *Smith* v. *Grizzard,* 149 Tenn., 207, 210, 259 S. W., 537, and cases there cited. The same rule has been applied without exception in the Court of Appeals, in cases where *certiorari* was denied by this Court. *Williams* v. *Cantrell,* 22 Tenn. App., 443, 124 S. W. (2d), 29; *Higgins* v. *Lewis,* 23 Tenn. App., 648, 137 S. W. (2d), 308; *Webster* v. *Trice,* 23 Tenn. App., 365, 133 S. W. (2d), 621.

Therefore we intimated, that even if the bill of exceptions had been properly before us after the action of the Chancellor on a motion for a new trial, we would have affirmed his decree. 177 S. W. (2d), at pages 822, 823.

We find no merit in the petition to rehear and it is denied.