IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

MIDDLE DIVISION

(NASHVILLE. DECEMBER TERM, 1920.)

BANK OF COMMERCE & TRUST CO. *v.* MILES G. BUCKINGHAM
*et al.*

*(Nashville.* December Term, 1920.)

APPEAL AND ERROR. Allowance by chancellor of attorney's fee not
disturbed.

Where a chancellor allowed an attorney's fee of $2,000 for services
performed in an action to have a will construed and an estate set-
tled, and where the services were performed under the eye of the
chancellor, who is in a position to appraise the worth of a lawyer's
services, and there is a difference of opinion among the lawyers
testifying, the allowance by the chancellor will not be disturbed.

Case cited and approved: Bank v. Wood, 125 Tenn., 6.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—
HON. I. H. PERES, Chancellor.

(344)

G. J. McSpadden, for plaintiff.

A. H. Murray, for defendant.

Mr. Justice Green delivered the opinion of the Court.

This case comes before us on the appeal of the executor of Miles S. Buckingham from a decree of the chancellor fixing the fee of the executor's counsel.

The chancellor allowed a fee of $2,000. The executor and its counsel insist that a fee of $4,000 should be allowed. We have discussed the facts of the case in an oral opinion, and it is not necessary to detail them here. It is sufficient to say that counsel rendered valuable services to the estate and that the proof shows a difference of opinion among the lawyers examined as witnesses as to what a proper fee would be.

A bill was filed in the chancery court of Shelby county for a construction of the will of Miles S. Buckingham and to have the estate settled in that court. Most of the services for which compensation is claimed were performed in that case. The chancellor took up the question of the amount of counsel's fee in open court, and the various parties and the lawyers testifying were examined before the chancellor and their testimony preserved in a bill of exceptions.

In *Bank* v. *Wood*, 125 Tenn., 6, 140 S. W., 31, we said: "We are not disposed to interfere with the allowance of attorneys' fees in the lower court, unless we can see that some injustice has been perpetrated. Such matters are to a great extent within the discretion of the [lower] court, and we will not interfere with the exer-

cise of that discretion unless we think the allowance made is materially wrong.''

.As stated above, the work of the executor's counsel was chiefly done in this case while pending in the court below. It was done under the eye of the chancellor. He was in a position to more accurately appraise the worth of counsel's endeavors than are we.

The proper amount of professional compensation is always more or less a matter of opinion. The proof in this case develops nothing more than a difference of opinion among able lawyers.

We do not think this is a case in which we would be justified in interfering with the allowance fixed by the chancellor. On the contrary, it seems to us a case in which the general rule should be applied and the chancellor's decree allowed to remain undisturbed.

. Let the decree of the chancellor be affirmed.