# W. HICKS RILEY v. LOIS K. RILEY.

Western Section. March 1, 1929.

D. B. Puryear, of Memphis, for plaintiff in error.
L. D. Bejach, of Memphis, for defendant in error.

OWEN, J.   Lois K. Riley obtained a divorce from her husband, W. Hicks Riley, she was also decreed alimony.   Alimony had been

agreed upon provided she obtained a divorce. She received in real estate, cash and an automobile, property worth from $50,000 to $55,000. It was agreed if she was successful that the trial judge could fix the fee for her counsel or attorney and a judgment was to be given against the defendant for the amount of the fee. Proof was heard as to the amount that would be a reasonable fee for Mr. L. D. Bejach, attorney for complainant and the court fixed Mr. Bejach's fee at $5000, gave a decree in favor of plaintiff against defendant for this amount, the defendant excepted to the amount of the fee, prayed and perfected an appeal to this court and has assigned errors.

He insists that the fee is unreasonable and out of proportion to the services rendered and that the court should have fixed a smaller sum. Counsel for the plaintiff moved to dismiss this appeal on the ground that the defendant had not given sufficient appeal bond, this insistence is overruled, The defendant has offered to increase the bond if the court should require it to be increased. The court declared a lien on all defendant's property for the purpose of enforcing the collection of this fee or judgment for $5000 and we are of the opinion that the lien declared on defendant's property secures the judgment.

It is next insisted that the defendant could not appeal, that this was a consent decree, that the parties had consented to the court fixing said fee. We are of the opinion that the defendant had a right to appeal, that the consent for the court to fix the fee was for the court to fix a reasonable fee.

The fee to be paid to the plaintiff's attorney by the defendant in a divorce case, where the wife successfully prosecutes a suit for divorce against her husband, is treated in Tennessee as part of the expenses incident to the cause and allowed as alimony. Winslow v. Winslow, 133 Tenn., 663, 671; Shy v. Shy, 7 Heisk., 125.

An attorney's fee, amounting to ten per cent (10%) or more of the value of the alimony recovered for a wife in the successfully prosecution of a divorce suit, is a proper fee to be allowed and paid to her attorney. Winslow v. Winslow, 133 Tenn., 663; McBee v. McBee, 1 Heisk., 558; Bailey v. Bailey, 6 Tenn. App., 272.

The rule in Tennessee on the question of allowance of attorney's fees by the nisi pruis courts is that the allowance made will not be interferred with by appellate courts, unless some injustice has been perpetrated, such matters being largely within the discretion of the lower courts. Bank v. Wood, 125 Tenn., 6; Bank v. Buckingham, 144 Tenn., 344.

We are of the opinion, from the weight of the evidence, that the fee fixed by the learned trial judge in favor of the complainant and against the defendant is reasonable, by referring to some

of our Tennessee cases we find that in McBee v. McBee, an allowance was made of $2000, as alimony, with $200 added as attorney's fees (McBee v. McBee, 1 Heisk., 558). In Bailey v. Bailey, a recent case tried in this court, an alimony settlement of $1500 with $200 added as attorney's fees, was approved (Bailey v. Bailey, 6 Tenn. App., 273). In Winslow v. .Winslow, where the alimony allowed was the same as in the instant case, the same amount of fee, namely $5000, was approved by the Supreme Court (Winslow v. Winslow, 133 Tenn., 663). Learned counsel for appellant insists that the difference was, that this fee was based upon an extended amount of litigation, including an appeal to the Supreme Court. An examination of the reported decision, however, discloses that the $5000 attorney's fee was fixed by the Chancellor who made an alimony allowance of $200 per month. On appeal, the allowance as to the attorney's fee was affirmed, but the $200 per month allowance was changed to an alimony settlement of $50,000 in solido.

In Bank v. Wood, 125 Tenn., page 6, our Supreme Court said:
> "We· are not disposed to interfere with the allowance of attorney's fees in the lower courts, unless we see that some injustice has been perpetrated. Such matters are to a great extent within the discretion of the court, and we will not interfere with the exercise of that discretion unless we think the allowance made is. materially wrong."

In Bank v. Buckingham, 144 Tenn., 344, our Supreme Court, speaking through Chief Justice Green, said:
> "The Chancellor took up the question of the amount of counsel's fee in open court, and the various parties and the lawyers testifying were examined before the Chancellor and their testimony preserved in a bill of exceptions."

In Bank v. Wood, 125 Tenn., 6, 140 S. W., 31, we said:
> " 'We are not disposed to interfere with the allowance of attorney's fees in the lower court, unless we can see that some injustice has been perpetrated. Such matters are to a great extent without the discretion of the (lower) court, and we will not interfere with the exercise of that discretion, unless we think the allowance made is materially wrong.'
>
> "As stated above, the work of the executor's counsel was chiefly done in this case while pending in the court below. It was done under the eye of the Chancellor. He was in a position to more accurately appraise the worth of counsel's endeavors than are we. The proper amount of professional compensation is always more or less a matter of opinion. The proof in this case develops nothing more than a difference of opinion among able lawyers.

"We do not think this is a case in which we would be justified in interfering with the allowance fixed by the Chancellor. On the contrary, it seems to us a case in which the general rule should be applied and the Chancellor's decree allowed to remain undisturbed."

We are therefore of the opinion that under the facts of the instant case and the law applicable thereto the fee fixed by the trial judge, is fair and reasonable when considered in the light of the services rendered, the results accomplished and the amount of alimony involved; that the fixing of this fee was within the sound discretion of the trial judge and it appears that he did not abuse that discretion, that he acted fair and reasonable in the conclusion reached and we approve of his findings.

It results that the assignments of error are overruled, the judgment of the lower court is affirmed, judgment will be rendered here against the defendant for $5000 with interest from the date of its rendition in the lower court and all the costs of the cause. The cause will be remanded to the circuit court of Shelby county for the purpose of enforcing the lien which secures complainant's judgment, which is for the benefit of her attorney and for any other steps or proceedings necessary in this cause.

Execution will issue against the defendant and his sureties on appeal bond for the costs of the cause including the appeal.

Senter, J., and Holmes, S. J., concur.