DOROTHY L. BROCH *v.* AUGUSTUS A. BROCH.*

(*Jackson,* April Term, 1932.)

Opinion filed March 16, 1932.

---

*On action for divorce as equitable, see 9 R. C. L., 247; R. C. L. Perm. Supp., p. 2440.

MᴄDᴏɴᴀʟᴅ & MᴄDᴏɴᴀʟᴅ and Rᴏʙᴇʀᴛ W. Hᴀʟʟ, for plaintiff in error.

A. A. Kɪɴᴄᴀɴɴᴏɴ, for defendant in error.

Mʀ. Jᴜsᴛɪᴄᴇ Cʜᴀᴍʙʟɪss delivered the opinion of the Court.

A decree of divorce was granted Mrs. Broch by the Circuit Judge and she was given the custody of a six-year-old girl child. The Court of Appeals has reversed the case on the facts and dismissed the suit. By her

petition for *certiorari,* which has been granted and argument heard, the preliminary question is made that the Court of Appeals erred (1) in considering the evidence at all because no motion for a new trial was made in the trial court, and (2) in hearing the case *de novo,* in disregard of the material evidence rule.

It appears that in his answer, filed December 21, 1929, the defendant demanded a jury to try the cause; but that on May 15, 1930, the following minute entry was made:

' ''Comes the defendant by and through his attorney . . . and waives the jury heretofore demanded in this case. It is therefore ordered by the Court and the clerk of the Court is hereby directed to place this case on the non-jury calendar.''

The bill of exceptions recites that ''the cause was called for trial and was tried, on the 23d day of June, 1930, before the Honorable B. L. Capell, Judge,'' etc., ''when and where the following proceedings were had, to-wit,'' etc. Here follows a recital of the testimony.

The decree recites that, ''This cause came on to be heard before the Honorable Ben L. Capell, Judge,'' etc., ''upon the bill of the complainant, Dorothy Love Broch, and the answer of the defendant, Augustus A. Broch, and the affidavits on file, and the oral testimony of witnesses examined in open court, viz.: The Complainant,'' etc. No motion for a new trial was made. Appeal was prayed and granted to the Court of Appeals.

Touching this question of procedure that Court said:

''It is insisted that by virtue of Chapter 94 of the Acts of 1929, the appellant is precluded from being heard on this appeal, because he failed to file a motion for a new trial. Divorce cases are heard according to Chancery Procedure, and are tried *de novo* in this Court. We are

of the opinion that a motion for a new trial was not necessary.''

It is quite properly conceded for petitioner here that the general rule is that ''Divorce cases are heard according to Chancery Procedure, and are tried *de novo* in'' the Court of Appeals. And that in such cases generally no. motion for a new trial is necessary. And it is conceded, further, that this is true, whether the trial is had in the Chancery or the Circuit Court. However, it is insisted that this rule has application only where the trial is had according to the forms of Chancery Procedure, and that when the case is heard either by a jury (in whichever Court), or by the Chancellor, or the Judge, after a jury has been demanded and thereafter waived, this rule no longer applies, but that, then, as in law cases, (1) a motion must be made for a new trial, and (2) the appellate court will affirm the judgment if there is material evidence to sustain it.

In *Francis* v. *Francis,* 3 Higgins, 469, Mr. Justice Hughes, in a very clear opinion, shows that divorce proceedings are in their essential nature and to all intent and purposes chancery proceedings, whether brought in the Chancery or Circuit Court; also, that under Shannon's Code, Sec. 4887, an appeal in a divorce proceeding tried before the Circuit Judge without a jury is an appeal in its technical sense, not an appeal in the nature of a writ of error, and is tried *de novo* in the Appellate Court. However, on page 473, the learned judge refers to Sec. 4888 of the Code and suggests that, if the case had been tried before a jury in either Court a different rule would have been applied.

Since *Richmond* v. *Richmond,* 10 Yerger, 343, opinion by Mr. Justice Green, it has been settled in this State that (1) divorce cases, whether heard by a circuit

judge or a chancellor, are in the nature of chancery suits, the procedure being according to the courts of chancery; and that, (2), when a divorce case is tried before a jury it is not heard on appeal *de novo,* but reviewed and "determined upon the same principles that are applicable to trials at law." The question on appeal is whether or not there is material evidence to sustain the verdict. It results that in divorce cases, as in all other cases, tried before a jury a motion for a new trial must be made as a condition of review on appeal.

 In the next place, it was settled in *Toomey* v. *Atyoe,* 95 Tenn., 373, followed by *Beaty* v. *Shenck,* 127 Tenn., 63; *Choate* v. *Sewell,* 142 Tenn., 487; *Trice* v. *Mc-Gill,* 158 Tenn., 394; and *Boshears* v. *Foster,* 154 Tenn., 494, that when a case is heard before the chancellor on oral testimony (unless by written consent under Chapter 119, Acts 1917), it is examined on appeal as though it had been tried before a jury, the material evidence rule being applied. While it does not appear distinctly whether or not in this line of cases motions for new trials were made, as remarked by Chief Justice GREEN, in *Fonville* v. *Gregory,* 162 Tenn., 302, "a motion for a new trial was necessary in each case." Also, in *Choate* v. *Sewell, supra,* it was said, and approved by *Boshears* v. *Foster, supra,* that this rule applies on appeal, when, after a jury has been demanded, the "actual presence" of the jury is waived on the hearing, and the case is heard on oral testimony before the trial judge sitting as a jury.

 It will be observed that, in each of the cases cited in the preceding paragraph, the mode of review was not controlled by the fact that a jury was first demanded and then waived, but the controlling factor was that the hearing or trial in the Chancery Court was in fact con-

ducted irregularly, "not according to the forms of the Chancery Court," so that the broad appeal, with hearing *de novo,* authorized by Section 4887 of Shannon's Code (Code of 1932, Section 9036), was not available to the losing party. This is pointed out in *Fonville* v. *Gregory,* supra, at pages 301-302. In divorce cases, a hearing before a judge or chancellor on oral testimony is, by statute, according to the forms of the Chancery Court. See Shannon's Code, Sections 4215 and 6272 (Code of 1932, Sections 8440 and 10564). While no reported decision appears to have dealt with a *divorce* suit in which a jury had been demanded and thereafter waived, in view of the distinctive nature of divorce proceedings and our statutory provisions relating thereto, which expressly provide for hearings in divorce cases on oral testimony, this class of cases must be treated as exceptions.

In the recent case of *Fonville* v. *Gregory, supra,* this Court construed the provision in Chapter 94 of the Acts of 1929, which requires that "The transcript before the Court of Appeals in cases tried in any lower Court upon oral testimony must contain motions for a new trial and a bill of exceptions," and held that it had no application to a case tried in the Chancery Court on oral testimony pursuant to a stipulation of consent of the parties "expressed in writing," according to the provisions of Chapter 119 of the Acts of 1917, for the reason that when so tried the case did not lose its character as a cause tried according to the forms of the Chancery Court. This is the test. A divorce case tried on oral testimony is nevertheless tried according to the forms of chancery, when not tried before a jury, and therefore in such case no motion for a new trial is necessary, and the review on appeal is *de novo.* Just as a stipulation expressed in writing under the Act of 1917 preserves to the case its

character as a chancery case, so the statute in a divorce case effects the same result.

The bill of the wife alleged cruel and inhuman treatment as her ground for divorce. We are constrained, after a careful study of this record, to agree with the Court of Appeals that the case has not been made out. The facts are briefly dealt with in a memorandum herewith filed, not for publication. The decree of the Court of Appeals is affirmed.