Kizer v. Bellar *et al.*

*(Nashville,* December Term, 1950.)

Opinion filed July 27, 1951.

HOFSTETTER & HOFSTETTER, of Nashville, for appellant.

GOODPASTURE, CARPENTER & DALE, of Nashville, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Mrs. Kizer, appellant here, obtained a decree of divorce from appellee, Bellar, by a decree or judgment of the

Circuit Court of Davidson County entered in 1948. That decree awarded her alimony and the custody of the children, and an order that he pay her $175.00 per month for the support of these children.

Because Bellar was in default as to the orders with reference to the payment of alimony and for the support of the children, Mrs. Kizer filed this bill in Chancery for the enforcement of the decree of the Circuit Court in those respects. Bellar filed a plea in abatement wherein it is asserted that the Circuit Court which granted the divorce decree and ordered the alimony and support payments above mentioned had exclusive jurisdiction in these matters. The Chancellor sustained that plea and dismissed the bill. This appeal was had.

██ The divorce decree ordered the cause retained in the Circuit Court for future orders with reference to the welfare and support of the children. Inasmuch as the bill in the instant case seeks relief not only as to that phase of the divorce decree, but also as to the alimony awarded complainant, it is insisted by one assignment of error that the Circuit Court did not have exclusive jurisdiction of all phases of the relief sought, because the divorce decree purported to retain the cause in Circuit Court only for the support and welfare of these children.

In every divorce decree wherein an order is made for the support and maintenance of the wife and children the cause remains in the control of the Court without regard to whether the decree of divorce so provides, Code, Section 8446, *Perry* v. *Perry,* 183 Tenn. 362, 364, 192 S. W. (2d) 830. Accordingly, the assignment of error above stated must be overruled.

The divorce decree awarded Mrs. Kizer (then Mrs. Bellar) alimony in the amount of $31,500.00 payable

$500.00 upon entry of the decree, the remainder to be liquidated at the rate of not less than $175.00 per month. That decree expressly declared a lien upon certain personal property to secure the payment of this alimony, but this lien is subject to a $50,000.00 lien thereon to a bank, and on which there was owed at the time of the filing of this bill some $34,000.00. Mrs. Kizer was likewise awarded certain real estate on which there was an encumbrance of $2,500.00. Bellar was ordered to pay that lien indebtedness so that unencumbered title would be vested in Mrs. Kizer.

It is alleged in the bill that Bellar never has paid the $500.00 due on the alimony which the decree ordered him to pay upon the entry of that decree, and that he is in substantial default in his $175.00 per month payments on that alimony; further that he never paid the $2,500.00 lien indebtedness on the real estate awarded his wife with the result that she had to pay $3,000.00 or more to prevent a foreclosure of that property; further, that Bellar is in substantial default in the monthly payments of $175.00 for the support of the children. The bill alleges that Bellar intends not to make the payments ordered and "will use every possible means to defeat the collection of said judgment and will so manage and control his assets and property as to carry out this purpose", and that he is now, and will continue, dissipating his assets, including the personal property upon which she was awarded a lien to secure the payment of the alimony awarded her.

The bill prays for a judgment for not less than the amount Bellar is in default in payments, and that Mrs. Kizer's lien on the personal property "be specifically decreed to be on the items of personal property" de-

scribed in the bill, and that the lien on the real estate and personal property be enforced by sale and her debt paid after satisfaction of the debt of the bank.

The bill prays for an injunction restraining Bellar from transferring or further encumbering his equity in the personal property mentioned and that a Receiver be appointed to take charge of said real and personal property and collect the rents and profits, and to operate the business, etc.

It is apparent from the foregoing review of the contents of the bill that Mrs. Kizer seeks by that bill to subject the equitable interest of Bellar in certain real estate and personal property to the lien which was decreed her in the divorce decree for the satisfaction of the judgment rendered in that divorce decree.

Code, Section 10352 provides that the Chancery Court has exclusive jurisdiction, in aid of a judgment creditor, to subject to the satisfaction of the judgment property of the debtor which cannot be reached by execution. Because of that code section it is insisted by Mrs. Kizer that the Circuit Court in which the divorce decree was granted doesn't have judisdiction to grant the main part of the relief which she seeks.

Code, Section 8448 provides that the Court which grants the divorce decree and alimony may sequester the rents and profits of the real and personal estate and appoint a Receiver for the enforcement of the decree, and also may employ for the accomplishment of such enforcement "such other lawful means as are usual and according to the course and practice of the court, as to the court shall seem meet and agreeable to equity and good conscience". Bellar insists that by reason of this code section, among other reasons, the Circuit Court which granted the divorce

decree does have jurisdiction in aid of collection of Mrs. Kizer's judgment to subject to the satisfaction thereof his equity in property which cannot be reached by execution.

On the other hand, the brief submitted in behalf of Mrs. Kizer calls attention to that language of Code, Section 8448 which says that the Court may employ ''such other lawful means as are usual and according to the course and practice of the court''. She insists that the subjection of the equitable interest of a judgment debtor in property to the satisfaction of the judgment is not ''according to the course and practice of'' the Circuit Court.

In *Broch* v. *Broch*, 164 Tenn. 219, 222-223, 47 S. W. (2d) 84, 85, it was held (by reaffirming a previous holding) ''that: Divorce cases, whether heard by a circuit judge or a chancellor, are in the nature of chancery suits, the procedure being (is) according to the courts of chancery''. It seems to necessarily follow that insofar as a divorce case is concerned the authority given by Code, Section 8448 to the Circuit Court to enforce its divorce decree by such means, ''as are usual and according to the course and practice of the court'', necessarily means the authority to do anything that a chancery court can do for the enforcement of that divorce decree, because, insofar as that divorce suit is concerned, it is to all intents and purposes a chancery suit. The accuracy of this conclusion is further strongly confirmed by that closing expression in Section 8448 wherein it says that the means employed by whatever Court the divorce proceedings are in shall be such as ''seem meet and agreeable to equity and good conscience'',

■ This Court went very thoroughly, it thought, over the question now being discussed in the case of *Browder* v. *Browder,* 188 Tenn. 488, 221 S. W. (2d) 526. It was there pointed out that the jurisdiction and powers of the Circuit and Chancery Courts in divorce matters are carried in the Code, Sections 8426-8454, under Title 4, Article II of our Code entitled "Divorce". It was then held in the Browder case that any jurisdiction and powers in divorce cases given to the Chancery Court by these code sections are necessarily likewise given by the same code sections to the Circuit Court.

For the reasons above stated, and upon the authority of the code sections and cases mentioned, it is necessary here to hold that any relief which the appellant, Mrs. Kizer, can obtain in the Chancery Court for the enforcement of the rights obtained in the divorce decree is relief which can likewise be obtained in the Circuit Court in the case in which that decree was rendered and of which case, under the statute, that Circuit Court still has jurisdiction.

■ Inasmuch as the Circuit Court rendering the divorce decree did first obtain jurisdiction of the subject matter of this bill it follows that the plea in abatement was properly sustained. "It is elementary that when two courts have concurrent jurisdiction of a particular subject matter, that tribunal which first obtains jurisdiction retains it". *Casone* v. *State,* 176 Tenn. 279, 285, 140 S. W. (2d) 1081, 1083.

■ The hereinbefore referred to lien of the bank was existing upon this property at the time of the divorce decree. For some reason that decree authorized an increase in the amount for which the property should stand as a first lien to the bank. Subsequent to the entry of

the divorce decree it was necessary to re-finance this first lien loan by executing a new deed of trust upon the property to the bank. The appellant says that by reason of this subsequent event the Chancery Court proceedings are maintainable because the trustee for the bank is a necessary party to this suit; hence, a new party.

Without regard to whether the trustee is a necessary party, it is a proper party to any proceedings which seek the relief sought by this bill. But we can think of no reason, and we are given none, as to why the trustee cannot be made a party to the petition which the appellant may file in the divorce case for the relief she seeks by this bill. Code, Section 8622 authorizes the making of the trustee a defendant to the petition and, as a matter of fact, the Court could order the trustee to be made a party under the authority of Code, Section 8713. Moreover, it is fundamental that persons interested in the subject matter of a suit may be made parties to that suit when their interest is made to appear.

Affirmed with costs adjudged against Mrs. Kizer.

All concur.