Sidney W. Ballard, Appellant,

*v.*

Isabelle B. Ballard, Appellee.

455 S.W.2d 592.

(*Nashville,* December Term, 1969.)

Opinion filed June 15, 1970.

Jack Norman, Nashville, for appellant.

F. Clay Bailey, Jr., Nashville, for appellee.

Mr. Special Justice Jenkins delivered the opinion of the Court.

This is an appeal from an order of the Fourth Circuit Court of Davidson County wherein the judge overruled Sidney W. Ballard's, hereinafter referred to as the appellant, motion to quash an execution seeking interest on the judgment rendered against him and attorney's fees.

The present case was commenced on January 7, 1965, when the appellant petitioned for a divorce from Isabelle B. Ballard. After Mrs. Ballard answered and filed her cross-bill, the case came on to be heard on June 28, 1965. On April 25, 1966, a decree was entered granting Mrs. Ballard a divorce from the appellant, alimony in solido in the amount of $75,000.00, and her attorney's fee for $10,000.00.

Dissatisfied with her alimony award, Mrs. Ballard appealed this issue only to the Court of Appeals; and on January 13, 1967, that court affirmed the trial court in respect to the alimony award. On January 30, 1967, the appellant paid the judgments to the Clerk, but without interest thereon. Several days thereafter these funds were withdrawn by Mrs. Ballard's attorney and receipt was made therefor.

On February 9, 1967, Mrs. Ballard caused an execution to issue seeking interest, in the amount of $3,966.00, on the judgment from the date the original decree was entered, April 25, 1966, until the date the judgment was paid into the clerk, January 30, 1967. (The execution was incorrectly drawn to cover "$3,500.00 judgment and attorney fee plus $466.00 interest." If correctly drawn, it would have issued to cover "$3,966.00 interest on $85,-000.00 judgment and attorney fee." However, the above clerical error does not preclude this Court from considering the question of interest in an amount larger than that set forth in the execution, i.e., $3,966.00 as opposed to $466.00. The correct amount of interest due, if any, can be ascertained from the face of the technical record.) The appellant filed a motion to quash the execution, which motion was overruled by an order of the trial court. It is from this order that the appellant has appealed.

The appellant has succinctly stated the issue to be decided by this Court, viz.: whether the appellant, when he paid into the clerk the judgments entered against him, thereafter remained responsible for interest on the same dating from the entry of the original decree, April 25, 1966, to the date of the payment, January 30, 1967. Accordingly, the appellant assigns several reasons why he should not be liable for the interest.

The alimony decree entitled Mrs. Ballard to receive from the appellant "the sum of $75,000.00 which award shall be made by the cross-defendant transferring to the cross-complainant shares of stock equal in value to said amount." The appellant actually paid the $75,000.00 judgment in cash and not by transferring the stock.

Since divorce proceedings are tried according to the forms of Chancery *Troutt v. Troutt* (1952), 35 Tenn. App. 617, 250 S.W.2d 372; *Broch v. Broch* (1932), 164 Tenn. 219, 47 S.W.2d 84, and for all intents and purposes are Chancery proceedings, the governing statute is T.C.A. Sec. 27-319:

"On affirmance of decrees in equity cases for money, interest shall be recovered at the rate of six percent (6%) per annum."

The appellant earnestly contends that because he was ordered to transfer to Mrs. Ballard shares of stock equal in value to $75,000.00 the alimony decree was not one for "money." This is a very tenuous argument. The decree rendered below was tantamount to a money decree because it entitled Mrs. Ballard to a sum certain— $75,000.00—as alimony to be satisfied by the appellant's transfer of stock to her equal in value to this amount; it called for the payment of a specific and determinable amount on which interest could readily be computed.

The appellant might have had a more tenable position if the decree had simply called for the transfer of X number of shares of stock to Mrs. Ballard, without designating a specific sum. Unfortunately, however, such is not the case.

■ The next argument of the appellant is that interest should not be allowed to accrue in a cause where the wife, seeking only to increase her alimony award, appealed the decree; that such a dilatory course of action, as was practiced here prevented the appellant from immediately discharging his obligation. This argument, likewise, is unmeritorious. To hold, as the appellant urges, that Mrs. Ballard forfeited her right to interest when she appealed the amount of the alimony decree would be equivalent to penalizing her for exercising her right of appeal. This we cannot do.

Moreover, it is difficult for this Court to perceive how Mrs. Ballard's appeal prevented the appellant from making a tender for the amount of the judgment, thereby preventing the accrual of interest. It would have been a relatively simple matter for the appellant to have made an unconditional tender to Mrs. Ballard for the amount of the judgment, with a proviso that the acceptance thereof would not prejudice her right to appeal. In such case, no interest would have accrued from the time of such tender. However, the appellant chose to retain the amount adjudged to be due Mrs. Ballard and have the free use thereof while she was contesting the amount of the alimony award. Accordingly, he should be charged with the interest thereon.

■ Finally, the appellant argues that the acceptance by Mrs. Ballard of $75,000.00 cash, in lieu of the transfer of stock to her, operated as a complete and final satisfaction of the judgment. We cannot agree. The mere acceptance by Mrs. Ballard of the $75,000.00 did not satisfy the docket. The notations appearing thereon did not show that the docket was satisfied; rather, they only

evidenced the fact that the monies paid toward the satisfaction of the judgment were receipted for. Clearly, there was no satisfaction of the judgment.

For the foregoing reasons the order of the trial judge overruling the motion to quash the execution is sustained.

DYER, CHIEF JUSTICE, McCANLESS, JUSTICE, and SMITH, SPECIAL JUSTICE, concur.

CRESON, JUSTICE, dissenting.