Ann Patricia Welsh MAYER, Appellee,

v.

Frederick John MAYER, Appellant.

Court of Appeals of Tennessee,
Western Section.

June 18, 1975.

Certiorari Denied by Supreme Court
Dec. 1, 1975.

John E. Hundley, Memphis, for appellant.

James S. Cox, Krivcher & Cox, Memphis, for appellee.

MATHERNE, Judge.

The defendant Frederick John Mayer, divorced husband and father, claims error wherein the trial court, without a hearing, found him in contempt of court; fixed future child support payments without a hearing on the father's ability to pay or the needs of the children; awarded garnishee fees and garnishee's attorney fees; and reserved punishment for contempt to a future unnamed date.

We observe from the outset the defendant's attorney attempts to present many matters in this Court which he did not present in the trial court. The attorney may have experienced difficulty in communicating with his out of state client, and the record reveals this attorney came into the lawsuit at a late date.

■ There is no bill of exceptions filed in this Court, and for that reason the plaintiff-appellee moves the appeal be dismissed. According to the record there was no evidence submitted and no stipulations made for the consideration of the trial judge. The defendant, after judgment was entered, filed in the trial court various papers wherein facts are alleged, but those facts were not presented at the trial and will not be considered by this Court.

■ The absence of a bill of exceptions will not prevent a review of errors assigned to the technical record. We therefore overrule the motion to dismiss this appeal.

The decree of divorce was entered on July 11, 1972. The plaintiff wife was granted a divorce and awarded custody of the "minor children." The decree does not state the number of minor children nor their ages. The decree incorporated by reference a Property Settlement Agreement, which awarded a house at 3984 Walnut Grove Road to a trustee "for the use and benefit of Patricia Welsh Mayer during her lifetime and at her death to the children of our marriage then living or their heirs per stirpes." The defendant father agreed to pay $300 per month child support in periodic payments on or about the first and fifteenth day of each month, with the right in either party to apply for an increase or decrease dependent upon a change in circumstances.

By affidavit dated September 14, 1973, which the trial judge found was filed on that date, the plaintiff wife deposed the defendant had paid only $750 for child support since the rendition of the divorce decree, and $4,200 was past due and unpaid as of that date. The affiant alleges the defendant to be a non-resident of the State of Tennessee, and a resident of the State of Louisiana. The affidavit further reveals that on August 20, 1973, the Last Will and Testament of Esther Ward Patterson, deceased, was filed in the Probate Court of Shelby County, Tennessee. The affiant avers the defendant father is named in that will as the beneficiary to receive certain certificates of the common stock of American Telephone and Telegraph Company. The affiant avers the National Bank of Commerce, Memphis, Tennessee, is named executor under the will. The affiant prayed a garnishment issue against the executor requiring it to deliver into court a

sufficient number of stock certificates of the named corporation to satisfy the sum of $4,200, plus all costs. The garnishment issued against the executor and was served on September 24, 1973.

By order entered February 22, 1974, in response to a motion of the plaintiff filed January 16, 1974, the court ordered the executor as garnishee to convert into cash a sufficient amount of the stock certificates to equal $4,200 plus costs, and to pay that amount into the court. In this order the court found the executor held certificates of the named corporation which amount to at least 84 shares of its common stock.

On March 8, 1974, the plaintiff filed another affidavit to the effect $1,500 more child support was past due and unpaid. Another garnishment issued and was served on the executor on March 12, 1974.

On May 10, 1974, the defendant father filed a petition for reduction of child support. This sworn petition alleges there are sufficient assets in the hands of the executor to satisfy all past due child support payments. The petitioner further alleges only two of the six children are under the age of 18 and living with their mother. The ages of the other children are alleged, and it might be found there were four minor children at the time of the divorce. The petitioner alleges he was unable to comply with the former orders of the court; his income and expenses amount to about $432 per month, which will be shown to the court at the hearing on the petition. The petitioner prayed the amount of child support payments be reduced in accordance with the number of children now under 18 years of age, and in accordance with the petitioner's ability to pay.

No answer was filed to this petition for reduction of child support. On the date the petition was filed, May 10, 1974, the court entered an order referring the matter to "the Divorce Referee for a hearing and his report thereon." There is an instrument in the record relating to this petition bearing the hand written words—"Dismissed on or-

der of Referee, 5–21–74." There is no other instrument in the record concerning the petition to reduce child support payments, nor was there a hearing had on the issues raised therein.

On May 13, 1974, the plaintiff wife filed a petition for citation for contempt and impoundment of all assets of the defendant as held by the executor bank. An order was entered on May 13, 1974, granting writ of injunction against the executor that it not pay over to the defendant any property it held for him; writ of scire facias was authorized against the defendant to show cause why he should not be adjudged in contempt of court; the hearing on the petition for contempt was set for May 24, 1974.

The defendant on May 20, 1974, filed a sworn answer to the petition for contempt. By answer the defendant states he assumed the former order of the court that the money be paid into court by the executor would purge the defendant of any alleged contempt. The defendant further referred to his petition to reduce child support payments and his prayer for relief according to the number of children now under 18 years of age, and his ability to pay. The defendant prayed for general relief.

On May 24, 1974, the date set for the hearing, the plaintiff filed another affidavit that the defendant was in arrears for an additional $900 child support payments since her last affidavit. Garnishment was prayed, issued and served on the executor on May 31, 1974.

The trial court on May 24, 1974, entered the order now appealed from. The order attempts to be rather sweeping and all inclusive of all matters before the court, or that might hereafter come before the court.

The first paragraph of the order of May 24th states what and who were before the court as follows:

"This cause came on to be heard on the 24th day of May, 1974, upon the Petition for Contempt and to Impound Stock filed by the Petitioner, Ann Patricia Welsh

Mayer; upon the writ of scire facias directed to the respondent, Frederick John Mayer; upon notice of this hearing being given to the respondents, National Bank of Commerce, Memphis, Tennessee, upon statements of counsel for all parties, all parties being represented by counsel and all parties being present at the time of the hearing of this cause, and upon the entire record in this cause, from all of which . . . ."

The order then reviews all the proceedings heretofore set out and finds the executor holds certificates of stock to 84 shares of the common stock of American Telephone and Telegraph Company for the defendant, and on the date of the hearing that amount of stock was worth $14,000. The order then proceeds to decree:

(1) The defendant was in arrears of child support payments in the amounts of $4,200, $1,500 and $900. The executor had paid $4,200 into court, and upon the payment of $2,400 by the defendant, plus costs, he would be current through the month of May, 1974.

(2) The defendant was in willful and deliberate contempt of court.

(3) The defendant is unlikely to make future payments of child support, and unless the assets of the defendant held by the executor be impounded, the court would be unable to enforce future payments of child support.

(4) The plaintiff now has custody of two minor children; Elaine Catherine Mayer who was born on April 14, 1957, and William Ward Mayer who was born on July 15, 1960. The court awarded future child support in the amount of $150 for each child until it reaches the age of 18 years or is otherwise emancipated. The court found this resulted in $1,575 for future payments for Elaine, and $7,325 as future payments for William.

(5) The executor was ordered to convert sufficient stock into cash as to amount to $8,900 [$1,575 plus $7,325], plus

such expenses as may be incurred by the executor in complying with the two garnishments now outstanding, place that amount on an interest bearing account and hold the same subject to future orders of the court.

(6) The court awarded $500 attorney's fee to the plaintiff wife; $250 garnishee fee to the executor; and $250 attorney's fee to the garnishee-executor, and ordered sufficient stock sold to pay those amounts, and authorized the executor to make the payments within a reasonable time.

(7) After converting into cash sufficient certificates of stock to meet the foregoing requirements, the executor may proceed with its payments to the defendant without further order of that court.

(8) Should the defendant fail to make the child support payments as ordered in the future, the plaintiff may petition the court and the court will order the bank to make payments directly to the plaintiff as the occasions arise over the years.

(9) Punishment of the defendant for his willful and deliberate contempt of court is reserved.

■ We hold the trial court, sitting as a court of equity, had the authority to impound the assets of the defendant in the hands of the executor to the extent necessary to enforce the prior order of the court. T.C.A. § 21–1209; *Kizer v. Bellar* (1951), 192 Tenn. 540, 241 S.W.2d 561. We further hold the trial court had the authority to impound assets of the defendant to insure future payments of child support, the defendant being a non resident of Tennessee.

■ We cannot agree with the summary procedure employed by the trial court in the face of a sworn answer to the petition for citation for contempt, the presence of the defendant in the courtroom, and the sworn petition of the defendant for a reduction of child support payments left unanswered and not heard.

Under T.C.A. § 36–828, a court granting a divorce may award custody of the children of the parties and enter a decree "that suitable support be made by the natural parents." And, "Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require." Under this statute a decree for the support of minor children, even as to past due and unpaid installments, may be modified. *Crane v. Crane* (1942), 26 Tenn.App. 227, 170 S.W.2d 663; *Gossett v. Gossett* (1951), 34 Tenn.App. 654, 241 S.W.2d 934.

Under this record there is an allegation by the defendant that the number of minor children has been reduced since the divorce decree. The divorce decree apparently vested a home in the wife and minor children. There was no hearing on the ability of the wife to aid in the support of the children. The needs of the children were not shown. The defendant father by sworn petition states he is unable to meet the demands of the prior court decree, and offers to prove this fact at the hearing on his petition for a reduction in child support payments. He was never given a hearing.

As to the father's ability to pay the past due installments and future payments, we have only the fact he was bequeathed certificates of stock worth $14,000. Under the decree of the trial court the defendant was ordered to pay a total of $12,300, plus future expenses, charges or commissions due the executor for answering two more garnishments, which according to the amounts allowed by the court for answering one garnishment, would amount to at least $1,000 additional. We thus see the defendant summarily stripped of $13,300; and held under the club of a finding of contempt, all without one word of proof.

If all of the foregoing be justified, it can only be decreed, under this record, after a hearing.

It also appears the haste with which the decree was entered, without proof or a hearing, resulted in an erroneous finding of the amount due through May 30, 1974. The trial judge found the $4,200 paid into the court by the garnishee, plus the $900 and the $1,500 still owing, would make the defendant current through May 30, 1974. These figures total $6,600. It appears the time period from July 11, 1972, the date of the divorce decree, until May 30, 1974, amounts to one year, ten months and nineteen days, or rounded to 23 months. Twenty-three months at $300 per month would require the payment of $6,900 through May 30, 1974. The plaintiff admitted $750 had been paid, leaving a total due of $6,150. In that the payments were to be due on the first and fifteenth of each month these figures may vary about $150 either way. It appears the trial judge accepted the allegations of the three affidavits of the plaintiff, which are erroneous.

The defendant insists he was denied a hearing on the charge of contempt. The record reflects, and the parties do not contend otherwise, there was no hearing on this charge. Yet the defendant was found to be in willful and deliberate contempt of the court.

It is argued the defendant was present in the courtroom with his counsel and he did not offer proof on the charge of contempt of court. It is true the defendant and counsel were present. It is also true the burden is on the defendant charged to prove his inability to perform the decree as ordered. This lawsuit was at that time in an unusual posture before the trial judge, wherein the court had previously issued an injunction in effect impounding certificates of stock belonging to the defendant with a total value of $14,000. As heretofore noted about $6,150 paid into court would have made the payments current.

Instead of ordering the executor to pay that amount, or such amount found as just and proper, the court acknowledged $4,200 had been paid into court, and ordered the defendant owed an additional $2,400. And, apparently because of this additional amount then owing, found the defendant in

contempt. It appears the trial court turned its attention more toward decreeing the amount of future child support and securing those payments, again without a hearing, instead of concentrating on whether the defendant was in contempt, considering the existence of assets under the control of the court with which to pay any amount that might be found due under the prior decree.

We hold the trial judge should have ordered funds under his control paid into court in such amount as, after a hearing, he determined to be owing by the defendant. The trial judge could then, on a hearing, turn his attention to the issue of what should be paid in the future and how those payments might be secured.

■ It seems the trial judge announced the defendant in contempt and, for no obvious reason to this Court, left that edict dangling over the head of the defendant. There is no such thing as a suspended sentence for civil contempt. There is also no such thing as contempt in futuro. Funds were available to the court to pay all amounts owing—that is what should have been ordered, after a hearing, and, under this record, no finding of contempt of court should have issued for the reason of being in arrears of child support payments.

■ Any proceeding under a citation to show cause for not being in contempt of court places on the trial judge the duty to see that justice is done. Where, as here, there is a sworn answer to the petition, and the defendant is present in the courtroom at the appointed time, the duty is on the trial judge to see that the hearing is had and the defendant is given the positive opportunity to present his defenses. Lack of knowledge on the part of the defendant, or lack of aptitude on the part of his counsel shall not be deemed a waiver of this right to a hearing under the circumstances noted.

■ In a contempt proceeding there should be no strict or technical rulings against the accused, and the freest opportu-

nity should always be given to him to produce his defense. *Bowdon v. Bowdon* (1955), 198 Tenn. 143, 278 S.W.2d 670; *Robinson v. Air Draulics Engineering Co.* (1964), 214 Tenn. 30, 377 S.W.2d 908; *Rutherford v. Metcalf* (1818), 6 Tenn. 58. The headnote in West Digest that punishment for contempt of court may be summary, citing *Pass v. State* (1944), 181 Tenn. 613, 184 S.W.2d 1, is not borne out in the body of the opinion.

Under this record, we conclude the trial judge erred as herein stated.

■ We hold the trial judge erred in awarding the garnishee a fee of $250, and he also erred in awarding the garnishee an attorney's fee of $250. By statute, T.C.A. §§ 23–708, 26–516, a garnishee is entitled to the compensation and privileges of a witness for his attendance and answer. There is no provision for an attorney's fee for a garnishee, and we will not create one. On remand, the trial judge will apply the statutes noted as to the compensation due the garnishee.

■ On remand, the trial judge, after a hearing on the defendant's petition for reduction in child support payments, shall determine the amount of child support payments for the future and shall order, if proper, the executor to convert sufficient stock into cash and pay that amount into court. There is no need for extensive costs to be accumulated by reason of the bank holding the funds subject to future orders of the court as set out in the decree of May 24, 1974. It appears a bit harsh to tie up $8,900, or any other amount of the defendant's money, to *secure* the payment of future child support payments, and at the same time order the defendant to make the payments. It appears the amount found to be due could be used to *pay* the amounts as adjudged to be due after a hearing on the issue. If it be deemed necessary to order a sum be paid into court for future payments of child support, it is only reasonable to include in the same order a direction to the clerk to pay the prescribed amount periodi-

cally to the plaintiff-mother. This can be accomplished at minimum cost as contemplated by T.C.A. § 8–2117.

■ We observe, for consideration by the trial court, the defendant might make other arrangements for the payment of past and future child support payments, and not be forced into a conversion of his stock into cash. We hold every opportunity to do so should be afforded the defendant, so long as any proposal in that respect will satisfy compliance with the final order of the court.

It results the decree of the trial judge entered May 24, 1974, is reversed and this lawsuit is remanded for a *trial* in accordance with this opinion.

The cost of this appeal is adjudged against the appellee; the costs in the trial court will be assessed at the trial herein ordered.

CARNEY, P. J., and NEARN, J., concur.