JOSEPH TYREE GLANTON, )
 )
 Plaintiff/Respondent/ )
 Appellee, )
 ) Appeal No.
 ) 01-A-01-9601-PB-00013
VS. )
 ) Davidson Probate
 ) No. 85D-2766
BRENDA RICHARDSON GLANTON, )
(CHERRY) )
 )
 Defendant/Petitioner/ )
 Appellant. )

FILED

September 6, 1996

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE PROBATE COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MARIETTA M. SHIPLEY, JUDGE

ROBERT A. ANDERSON
2021 Richard Jones Road, Suite 350
Nashville, Tennessee 37215
 Attorney for Plaintiff/Respondent/Appellee

TIMOTHY L. TAKACS
201 Walton Ferry Road
Hendersonville, Tennessee 37077-0364
 Attorney for Defendant/Petitioner/Appellant

AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# O P I N I O N

This appeal involves a post-divorce contempt proceeding. The appellant, Mrs. Brenda Cherry, filed an unverified complaint in the Probate Court for Davidson County seeking to recover unpaid child support from her former husband, Mr. Songoleke Kurante Kotunu (formerly Joseph Tyree Glanton). Mr. Kotunu filed a Motion to Dismiss arguing the Complaint was defective since Mrs. Cherry had not verified it. The probate court agreed with Mr. Kotunu, and dismissed Mrs. Cherry's suit. The court also awarded Mr. Kotunu his attorneys fees. Mrs. Cherry asserts on appeal that the probate court erred by requiring her to have verified her complaint, and in granting Mr. Kotunu's attorneys fees. We partially disagree with Mrs. Cherry, and therefore affirm the probate court in part.

## I.

In 1986 the Davidson County Probate Court granted the parties a divorce. The court awarded custody of their minor child to Mrs. Cherry, and ordered Mr. Kotunu to pay child support. On April 10, 1995, Mrs. Cherry filed a Complaint in the Davidson County Probate Court against Mr. Kotunu, alleging that he was in contempt of the probate court's order requiring him to pay support. The Complaint prayed that the court sentence him "to the workhouse for a period of six months or until he purges himself of contempt."

In response to Mrs. Cherry's complaint Mr. Kotunu filed a Motion to Dismiss pursuant to Tenn.R.Civ.P. 12.02(1). Mr. Kotunu's defensive pleading asserted that the court did not have jurisdiction over the subject matter because Mrs. Cherry had not verified her Complaint. The trial court held that in a suit of this nature, Tenn. Code Ann. § 21-1-108(2)(B)(I) requires litigants to verify their contempt

complaints. The court dismissed Mrs. Cherry's suit and awarded Mr. Kotunu his attorneys fees.

## II.

We begin our determination by observing the law surrounding the verification of complaints. Tenn.R.Civ.P. 11 provides that "except when otherwise specifically provided for by rule or statute, pleadings need not be verified or accompanied by affidavit." Tenn. Code Ann. § 36-4-107 requires spouses to verify their petitions for divorce by affidavit, unless they claim irreconcilable differences as the grounds for the suit.

In *Jones v. Jones*, this Court stated:

> The original proceeding is one of divorce. As such, *it and all subsequent proceedings thereunder are inherently equitable in nature.* Even though the matter is tried in the Circuit Court, it is yet a Chancery matter. In hearing matters of this nature, the Circuit Judge is clothed with all the powers of a Chancellor and the matter is tried as a Chancery matter and governed by the rules of the Equity Court. (Emphasis supplied.)

486 S.W.2d 927, 931 (Tenn. Ct. App. 1972); *citing Broch v. Broch,* 164 Tenn. 219, 47 S.W.2d 84 (1932); *Kizer v. Bellar,* 192 Tenn. 540, 241 S.W.2d 561 (1951).

In this appeal the Complaint sought the recovery of unpaid child support awarded in the original divorce. Thus, we consider the case a "subsequent proceeding" to the original divorce and therefore, equitable in nature.

In Tennessee courts in divorce and support proceedings sit as courts of equity. *Hoyle v. Wilson,* 746 S.W.2d 665, 671 (Tenn. 1988); citing *Kizar v. Bellar,* 192 Tenn. at 545, 241 S.W. at 563; *Mayer v. Mayer,* 532 S.W.2d 54, 58 (Tenn. Ct. App. 1975). We recognize that the substantive law governing divorce in Tennessee is purely statutory, and that divorce is not "a proceeding in equity in the traditional

sense." *Atchley v. Atchley,* 585 S.W.2d 614, 619 (Tenn. App. 1978). The Tennessee Supreme Court in *Lingner v. Lingner* stated:

> Although a divorce suit is in the nature of a suit in equity . . . nevertheless a divorce suit is Sui generis. The procedure is controlled by statute. Pleading and practice in divorce cases, as governed by statute, differ in many particulars from pleading and practice in equity cases generally . . . such cases stand upon grounds peculiar to themselves, and do not fall within the ordinary rules governing chancery proceedings.

56 S.W.2d 749, 751 (Tenn. 1933); *citing Hackney v. Hackney,* 28 Tenn. (9 Humph.) 450 (1848).

Despite cases describing divorce as a proceeding which is not equitable in the "traditional sense," *Atchley v. Atchley at* 619, the Tennessee Supreme Court has repeatedly held that courts in divorce cases sit as courts of equity. *Hoyle v. Wilson,* at 671. They also hold that divorces are in the "nature of chancery." *Broch v. Broch,* 47 S.W.2d 84 (Tenn. 1932); *Linger v. Linger at* 751, *Browder v. Browder,* 221 S.W.2d 526, 527 (Tenn. 1949); *Kizer v. Kizer,* 241 S.W.2d 561, 563 (Tenn. 1951).

Our Supreme Court has also held that divorces "are tried according to the forms of chancery and for all intents and purposes are chancery proceedings." *Ballard v. Ballard,* 455 S.W.2d 592, 593 (Tenn. 1970). Therefore, despite the statutory basis of divorce, trial courts who hear divorce actions sit in equity, and the proceedings are most appropriately tried as chancery matters.

Contempt actions in chancery court follow the statutory guidelines set forth in *Tenn. Code Ann. § 21-1-108* which states:

> The rules of practice of the chancery court, made by the chancellors, are by this Code made such, as follows:
> . . .
> > (2) CONTEMPT
> . . .
>
> (B) In all cases of contempt committed not in the presence of the court, the mode of procedure shall be as follows:

> (I) A petition shall be filed stating the contempt complained of *supported by affidavit,* together with such exhibits and returns of officers, or certified copies thereof, as may fully show how the contempt arose. (Emphasis supplied.)

Because this case involved a subsequent proceeding to a divorce it should be tried as an equitable matter. Litigants in chancery court must support their petitions for contempt with affidavits. Because Mrs. Cherry did not verify her petition we affirm the trial court's decision to dismiss it.

### III.

We now turn to the issue of attorneys fees. Ordinarily, a litigant cannot collect his attorney's fees from his adversary, despite the merits of the suit or defenses to it. *Corinth Bank & Trust Co. v. Security Nat'l Bank,* 252 S.W. 1001 (Tenn. 1923). The prevailing party cannot obtain attorneys fees absent: (1) a statute or rule of court, or (2) contractual provisions between the litigants. *Local 984, Int'l Bhd. of Teamsters v. Humko Co.,* 287 F.2d 231 (6th Cir.) *cert. denied,* 366 U.S. 962, 81 S.Ct. 1922, 6 L.Ed. 2d 1254 (1961).

The probate court awarded the defendant, Mr. Kotunu, his attorneys fees. However, the court did not provide any authority to support the award. Mrs. Cherry objected, and requested a hearing which the trial court granted. Mr. Kotunu filed a response to Mrs. Cherry's objection and claimed that Tenn. Code Ann. § 36-5-103(c) empowered the probate court to award attorneys fees. That statute states:

> The *plaintiff* spouse may recover from the *defendant* spouse, and the spouse or other person to whom custody of the child, or children is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before

whom such action or proceeding is pending, in the discretion of such court. (Emphasis supplied.)

Notably, the statute does not state that a *defendant* spouse may recover from a *plaintiff spouse.* Further, fee awards under subsection Tenn. Code Ann. § 36-5-103(c) are not primarily for the benefit of the custodial parent but to facilitate a child's access to the courts. *Sherrod v. Wix*, 849 S.W.2d 780 (Tenn. Ct. App. 1992). This appeal involves a defendant spouse recovering from a plaintiff spouse who is attempting to enforce a decree for child support. Thus, Tenn. Code Ann. § 36-5-103(c) does not provide a statutory basis for Mr. Kotunu's award.

In his response to Mrs. Cherry's objection Mr. Kotunu also cited *Gaddy v. Gaddy,* 861 S.W.2d 236 (Tenn. Ct. App. 1993), a case involving a petition to modify a custody arrangement. The petitioning spouse prevailed and the court awarded him attorneys fees pursuant to Tenn. Code Ann. § 36-5-103(c). Thus, unlike this case, the court awarded a plaintiff his fees.

Mr. Kotunu cites three cases in his appellate brief to support his assertion that "[u]nder Tennessee law the trial court is vested with wide and broad discretion in the allowance of attorneys fees in divorce and post-divorce domestic proceedings." The first of these, *Elliot v. Elliot,* involved a husband who petitioned the court to modify his final divorce decree. 825 S.W.2d 87, 92 (Tenn. Ct. App. 1991). The court refused, and awarded his former wife her attorney's fees saying "[i]t was the husband who brought this litigation forcing the wife to seek counsel." *Id.* On its face *Elliot* appears to provide Mr. Kotunu the precedent needed to obtain attorneys fees. However, the *Elliot* court cited *Threadgill v. Threadgill* as its supporting authority. 740 S.W.2d 419, 426 (Tenn.Ct.App. 1987). We believe the *Elliot* Court mistakenly relied on *Threadgill v. Threadgill.*

*Threadgill v. Threadgill* involved a petitioner seeking, among other things, child support arrearage. The court in *Threadgill* awarded the petitioner her attorneys fees but did not refer to Tenn. Code Ann. § 36-5-103(c). The *Threadgill* court did state:

> The trial court is vested with wide discretion in matters of the allowance of attorney's fees, and this Court will not interfere except upon a showing of an abuse of that discretion.

*Id., citing Marmino v. Marmino*, 238 S.W. 2d 105 (Tenn.Ct.App. 1950).

> In *Marmino* this Court stated:

> The Court is vested with wide discretion in matters of divorce, alimony and attorney's fee, custody and support of minor children and appellate courts will not interfere except upon a clear showing of an abuse of that discretion.

*Id.* at 105; *citing Banks v. Banks,* 18 Tenn.App. 347, 77 S.W.2d 74 (Tenn. 1934); *Walden v. Walden,* 13 Tenn. App. 337 (1930); *Riley v. Riley,* 9 Tenn.App. 643 (1929).

We have reviewed *Banks, Riley,* and *Walden.* None of these cases provide the authority to extend attorneys fees to a defendant spouse in a subsequent proceeding to a divorce. Therefore, we do not view *Threadgill v. Threadgill* or *Elliot v. Elliot* as supporting case law for Kotunu's assertion that the trial court's award of attorneys fees were proper. Accordingly, we reverse the award.

## IV.

For the foregoing, we affirm the lower court's dismissal of the petition for contempt. We reverse the award of attorney's fees and remand the cause to the Probate Court of Davidson Court for any further necessary proceedings. Tax the costs on appeal to the parties equally.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____

HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____

SAMUEL L. LEWIS, JUDGE