IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 25, 2004 Session

## LISA TAYLOR, ET AL. v. TRANSMISSION CORPORATION OF AMERICA, INC.

**Appeal from the Circuit Court for Knox County**
**No. 1-736-02     Dale C. Workman, Judge**

---

**No. E2003-02529-COA-R3-CV - FILED DECEMBER 13, 2004**

---

This case presents the issue of whether the trial court properly dismissed the Plaintiffs' action where there was an identical lawsuit, filed prior to this Circuit Court action, pending in General Sessions Court. We hold that the trial court correctly dismissed this case for lack of subject matter jurisdiction under the doctrine of prior suit pending.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

Robin S. Kuykendall, Knoxville, Tennessee, for Appellants, Lisa Taylor and Edward Taylor.

Brent R. Watson, Knoxville, Tennessee, for Appellee, Transmission Corporation of America, Inc.

### OPINION

The Plaintiffs, Lisa and Edward Taylor, filed an action against the Defendant, Transmission Corporation of America ("TCA"), in Knox County General Sessions Court on January 25, 2002. The only documentation contained in the appellate record regarding what happened in General Sessions Court is the summons and an affidavit of Lisa Taylor. The Taylors alleged that TCA provided defective goods and services in attempting to repair their automobile.

According to the Taylors' brief, during the trial in General Sessions Court, the trial judge "ordered another inspection of the vehicle by Defendant, reserving his decision until the parties could report the results to the Court." The brief further states that "meanwhile, appellants voluntarily dismissed by letter to the Court clerk, dated June 24, 2002, which, inexplicably, did not appear in the Court file, but was forwarded to the Court and to opposing counsel by fax and by U.S. mail on

that date." TCA received the letter; but a copy of it is attached as an appendix to the Taylors' brief, and it contains no indication that it was ever filed with the court.

The Taylors then filed the present action in Knox County Circuit Court on December 12, 2002. A trial date was set for September 18, 2003. On the morning of trial, TCA filed a motion to dismiss the case for lack of subject matter jurisdiction, alleging that the General Sessions action had never been dismissed and was still pending. The trial court did not rule on this motion and instead allowed the case to proceed to jury trial.

At the close of the Taylors' proof at trial, TCA moved for a directed verdict. At this point, the trial court stated the following:

> The court is going to grant the motion for directed verdict for two reasons. One, all the proof here is there was a lawsuit by the same parties for the same cause of action in Sessions Court that was pending and is pending up until this morning, which would mean I had no jurisdiction if that's true. There's a notice that's been entered of nonsuit, but as I understand it no judge has signed an order dismissing that lawsuit even as of this moment. So that's ground one.

The trial court then proceeded to state that "[g]round two, ignoring the fact that there may be a prior suit pending, the Court finds that Plaintiff has failed to carry the burden of proof. . ." The trial court therefore granted TCA a directed verdict and the Taylors have appealed.

Although the Taylors raise other issues concerning the merits of their case, we find that the determinative issue is whether the trial court erred in holding it did not have subject matter jurisdiction because of the prior suit pending doctrine. We agree that the Circuit Court did not have subject matter jurisdiction.

The issue of the applicability of the prior suit pending doctrine is a question of law. Our review, therefore, is *de novo* on the record, with no presumption of correctness regarding the trial court's judgment. *Fidelity & Guaranty Life Ins. Co. v. Corley*, 2003 WL 23099685 at *3; 2003 Tenn. App. LEXIS 940, C/A No. W2002-02633-COA-R9-CV (Tenn.App.W.S. filed Dec. 31, 2003).

The *Corley* court stated as follows regarding the prior suit pending doctrine:

> The doctrine of prior suit pending, also called the doctrine of former suit pending, "has prevailed in this jurisdiction for over one hundred years.". . .Under that doctrine, where two courts have concurrent jurisdiction over a matter, the court first taking jurisdiction acquires exclusive jurisdiction over the matter, and the subsequent action must be dismissed.

*Corley,* 2003 WL 23099685 at *3 (citation omitted); *accord Kizer v. Bellar*, 241 S.W.2d 561, 563 (Tenn.1951). The Supreme Court has noted the following requirements in order for a court to dismiss a subsequent action under the doctrine:

> The essentials of such a plea [in abatement, now called a motion to dismiss] are that the two suits must involve the identical subject matter and be between the same parties and the former suit must be pending in a court in this state having jurisdiction of the subject matter and the parties.

*Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101, 102 (Tenn.1964).

There is no question in the present case that the earlier General Sessions lawsuit involved the same subject matter and the same parties. Nor is it in dispute that no order dismissing the earlier action had been entered at the time the trial court ruled on TCA's Motion to Dismiss. The trial court should have made a determination as to whether it had subject matter jurisdiction before allowing the matter to proceed to a jury trial. But its dismissal comports with Tenn.R.Civ.P. 12.08, which provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The "alternative" ruling by the trial court on the merits of the case, having been made without subject matter jurisdiction, is void and of no consequence. *See First American Trust Co. v. Franklin-Murray Dev't Co., L.P.,* 59 S.W.2d 135, 141 (Tenn. App. 2001).

For the aforementioned reasons, the judgment of the trial court dismissing the Taylors' action for lack of subject matter jurisdiction pursuant to the prior suit pending doctrine is affirmed, and the case remanded for collection of costs below. Costs on appeal are assessed to the Appellants, Lisa Taylor and Edward Taylor.

_____

**SHARON G. LEE, JUDGE**